## AMOS FORTUNE v. THE STATE.

### No. 7995.   Decided March 5, 1924.

**1.—Rape—Continuance—Want of Diligence.**

Where, upon trial of rape, the application for continuance showed a want of diligence the same was properly overruled.   Following Henry v. State, 38 Texas Crim. Rep., 313, and other cases.

**2.—Same—Indictment—Jurisdiction—Judicial District.**

The statutes provide that when the judicial district comprises only one county, prosecutions may be commenced and carried on in that county, if the offense be committed there or in any adjoining county, and where the venue was laid in Dallas County and defendant contended that it should have been laid in Kaufman County, but under the law the offense was committed in an adjoining county to the judicial district of   Dallas, the motion was properly overruled.

**3.—Same—Argument of Counsel—Cross-Examination.**

There was no error in State counsel's argument nor was there any legal objection to the cross-examination of the wife of appellant, there is no reversible error.

**4.—Same—Evidence—Identification.**

There was no error in admitting testimony of prosecutrix that she and her husband saw appellant in jail after his arrest for this offense and identified him.   Distinguishing Weaver v. State, 68 Texas Crim. Rep., 214.

**5.—Same—Evidence—Bolstering-up Testimony.**

Upon trial of rape it was error to permit the sheriff to testify that after appellant was incarcerated in jail he accompanied prosecutrix and her husband to the jail, where he had appellant and a number of other persons lined up beyond the door, and that when said door was opened prosecutrix and her husband pointed their fingers at appellant and identified him.   Following Reddick v. State, 35 Texas Crim. Rep., 463, and other cases, there being no effort of impeachment of prosecutrix.

Appeal from the District Court of Kaufman.   Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of rape by force; penalty, twenty years imprisonment in the penitentiary.

*Cooley & Crisp*, and *Sharp, Tirey & Gray*, for appellant.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Kaufman County of rape, and his punishment fixed at twenty years in the penitentiary.

Prosecutrix testified that she was married on January 8, 1923, at Athens, Texas, at about 3:30 in the afternoon and that she and her husband after the ceremony went down to the Dean Hotel. Shortly afterward a man came to the hotel saying that he was going to Tyler in his car and that being desirous of going to Tyler she and her husband got in the car with him. She identified appellant as being the man who was driving the car and that they left Athens about 4:30 P. M. She detailed the various places to which they went and gave testimony of the fact that appellant claimed that officers were after them because of the fact that her husband had eloped with her. After going from town to town in each of which appellant claimed to have made inquiries and to have found that officers there were looking out for her husband, she testified that appellant induced her husband to leave the car and walk to Quinlan upon an agreement that her husband was to take the train for Texarkana and that appellant was to carry her to another station on the railroad where she was to take the train and join her husband in Texarkana, appellant's proposition being that they could thus evade the pretended pursuit of officers. She testified that after her husband got out of the car appellant drove through various towns and finally stopped and by force had carnal knowledge of her, and that later during the same night he again accomplished the same act upon her against her consent. That appellant left her about daylight the next morning at Wylie in Collin County from which point she proceeded later to join her husband in Texarkana. While the testimony is not quite clear as to whether the first act of intercourse occurred in Dallas County or in Kaufman County, the preponderance of the evidence seems to indicate that it was in Dallas County.

The indictment was returned by the grand jury of Kaufman County and contained four counts for rape, in three of which it was alleged that the offense was committed in Dallas County and in the other that it was committed in Kaufman County, it being alleged in the third count that Dallas County was an adjoining county to Kaufman County and that the former county composed one criminal judicial district.

Complaint is made of the refusal of a continuance asked because of the absence of Walter Earls. Subpoena was issued for Earls on the 19th of March returnable March 22nd. It was served on March 20th. The case was actually called for trial March 27th at which time the application for continuance was presented. There is no showing of the attendance of the witness on March 22nd, the return day of the subpoena, nor of any further effort to procure process because of his absence. He lived in a county joining that of the forum. This was not sufficient showing of diligence. Henry v. State, 38 Texas

Crim. Rep., 313; Hill v. State, 18 Texas Crim. App., 665; Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 319.

Appellant moved to quash the first three counts of the indictment for the reason that same alleged the offense to be committed in Dallas County, which was not in the judicial district embracing Kaufman County and therefore the grand jury of Kaufman County was without jurisdiction to present a legal indictment against appellant charging the commission of the offense of rape in Dallas County. We think the motion to quash properly overruled. McIntosh v. State, 85 Texas Crim. Rep., 418; Art. 254, Vernon's C. C. P. The article just cited contains the following provision:

"Prosecutions for rape may be commenced and carried on in the county in which the offense is committed, or in any county of the judicial district in which the offense is committed, or in any county of the judicial district the judge of which resides nearest the county seat of the county in which the offense is committed. *When the judicial district comprises only one county, prosecutions may be commenced and carried on in that county, if the offense be committed there, or in any adjoining county.*"

It was pleaded (and we might observe also that it was shown by proof) that Dallas County comprised one judicial district and that Kaufman County was an adjoining county. Our construction of the last paragraph of the article above quoted is that when the county in which the offense is committed comprises one judicial district the prosecution may be in that county or in any adjoining county.

We do not think the argument of the county attorney complained of, under the qualification to the bill of exceptions, presents error. Nor do we regard the complaint of the cross-examination of the wife of appellant as sound. Same related only to where she went when she left Ennis on January 13th with her husband. The witness had testified on direct examination that on the 13th of January she moved away from Ennis in company with her husband.

It was shown by the State that after the husband of prosecutrix left the car in which it was claimed appellant and prosecutrix were, he was arrested and placed in jail. We do not perceive any error in the admission of this testimony, or how same could in anywise be hurtful to the appellant. Prosecutrix and her husband who traveled in the car with the assailant of the young woman on the afternoon and night of the alleged occurrence, testified that when they saw appellant in jail after his arrest for this offense, they identified him. As we understand the authorities it was permissible for them to testify that they then recognized him. In Weaver v. State, 68 Texas Crim. Rep., 214, the authorities are discussed and the rule that the testimony of others who were present at the identification and gave evidence of same, would not be received, was upheld, but it was con-

cluded that the testimony of the parties whose identification of the accused was relied upon, of the fact that when they first saw him after the alleged offense, they recognized him, would be admissible— not as corroboration of the witnesses' testimony but as one of the circumstances enumerated by said witnesses upon which they now base their identification of him as the alleged criminal.

By bill of exceptions No. 7 complaint is made of the fact that the sheriff of Kaufman County was permitted to testify that after appellant was incarcerated in jail he accompanied prosecutrix and her husband to the jail where he had appellant and a number of other persons lined up beyond a door and that when said door was opened both prosecutrix and her husband pointed their fingers at appellant and then identified him as the man who had driven them in the car on the night in question. We have examined the authorities rather extensively and find them to be apparently unanimous in the rejection of this character of testimony. Reddick v. State, 35 Texas Crim. Rep., 463; Clark v. State, 39 Texas Crim. Rep., 152; Murphy v. State, 41 Texas Crim. Rep., 120; Bowen v. State, 47 Texas Crim. Rep., 137; Weaver v. State, 68 Texas Crim. Rep., 214; Johnson v. State, 94 Texas Crim. Rep., 238, 250 S. W. Rep., 681. The issue in this case was the identity of the accused. He tendered a number of witnesses who testified that he was in the town of Ennis in Ellis County on the afternoon and night of the 8th of January, the date of the commission of the alleged offense. The testimony of the sheriff above complained of was strongly corroborative of that of the prosecutrix and that of her husband. It was introduced in the development of the State's case in chief. It seems to be the rule that such evidence is admissible only when an effort has been made to impeach the State witnesses and there arises the necessity or opportunity for the offering of testimony to bolster up or corroborate that of the State. The testimony being of a very material character and bearing directly upon the principal point at issue, may have had an injurious effect, and its admission is deemed by us an error of such gravity as must call for a reversal of the case.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*