## LUTHER COLLINS v. THE STATE.

No. 9170.    Delivered June 17, 1925.

1.—Rape—Evidence—Indentification of Defendant—Properly Received.

Where on a trial for rape, two witnesses testified that they had gone to the county jail after defendants arrest and had seen him, and that he was the same man seen by them at a place near where the assault is alleged to have occurred shortly before the assault, such testimony was properly received. Distinguishing Fortune v. State, 259 S. W. 573; Jamail v. State, 268 S. W. 473.

2.—Same—Evidence—Hearsay Declaration—Of Officer—Improperly Admitted.

Where on a trial for rape, an officer was permitted to testify "I arrested the defendant because he answered the description of the negro we had orders to pick up, for the alleged offense of rape upon a white girl, Miss Myrtle Davis." Such testimony was hearsay, the opinion of the witness, and was improperly received. Following Mallory v. State, 37 Tex. Crim. App. 482.

3.—Same—Evidence—Impeaching Own Witness—Improper.

It was error to permit the district attorney to place a witness on the stand, whom he knew at the time had made an affidavit that the defendant was not the man he saw assault prosecutrix, and when said witness so testified, to impeach him, by showing that he had formerly swore that the defendant was the man whom he saw assault the prosecutrix. Following Scott v. State, 20 S. W. 549 and other cases.

Appeal from the District Court of Fort Bend County. Transferred on a change of venue from Harris County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction of rape; penalty, ninety-nine years in the penitentiary.

The opinion states the case.

*Mathis, Heidengsfelder, Teaque & Kahn,* for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BAKER, Judge.—The appellant was indicted in the district court of Harris County for rape on one Myrtle Davis and upon change of venue was tried and convicted in the district court of Fort Bend County, and his punishment assessed at ninety-nine years in the penitentiary.

This is the second appeal of this case to this court, the first appeal being a judgment of conviction in the district court of Harris County, in which the appellant was given the death penalty. The former appeal will be found, Collins v. State, in 254 S. W. 805. The facts stated in that opinion are sufficient for the discussion of the facts upon this appeal.

In bills of exception four and nine, the appellant complains of the action of the court in permitting the witnesses Monroe Sullivan and George Steinbach to testify in substance to having seen the appellant in jail after the alleged assault and recognized him as being the same party that the witness Sullivan had testified to having seen standing on the street corner the place that prosecutrix alleged that he accosted her just a short time prior to the time placed by the prosecutrix, and the witness Steinbach testifying that the party he recognized in jail was the same party that had been in his store the day of the alleged assault. Said bills urging that said witnesses identifying the appellant while in jail, was hearsay acts and declarations and out of the presence of the defendant and prejudicial, and that both of said witnesses having previously testified to seeing the appellant at the places above mentioned, that the court permitting this identification testimony in jail complained of was bolstering up the testimony of said witnesses without an attack being made thereon by appellant and by hearsay testimony which was inadmissible and was prejudicial error. We are of the opinion that these objections are not well taken. The appellant cites us, among others, to the following cases: Fortune v. State, 259 S. W. 573; Jamail v. State, 268 S. W. 473.

We do not think these cases are in point, and believe the court was not in error in admitting this evidence.

In bill of exception No. 10, complaint is urged to the action of the court in permitting officer Read to testify:

"I arrested the defendant because he answered the description of the negro we had orders to pick up for the alleged offense of rape upon a white girl, Miss Myrtle Davis."

The objection being urged to said testimony that same was hearsay as to what his orders were and was an opinion of the witness as to the orders giving a description of the alleged party committing

the rape, and highly prejudicial to the rights of the defendant. In support of this contention, the appellant's attorneys cite us to the case of Mallory v. State, 37 Texas Crim. App. 482, 36 S. W. 751. Judge Davidson in rendering the opinion in the Mallory case, supra, wherein the state witness Durham was permitted to testify that he obtained the description of the defendant from Yost, Wisdon, Eisenlohr and Stamm, to whom the defendant had passed certain alleged forged checks, and afterwards arrested therefor, used the following language:

"The defendant was not present when the conversations occurred between said parties and the witness Durham.. It was objected that this testimony was hearsay and calculated to injure the rights of the defendant before the jury and served to strengthen the state's testimony as to the identification of the defendant as the party who passed or uttered the forged checks upon said parties. We think these objections are well taken. These parties who gave a description to Durham were witnesses in the case and testified. Their testimony as to the description and identification of the defendant was not attacked by showing that they had made contradictory statements in regard to this matter and it was not admissible to corroborate them as to their description of the defendant by the evidence of the witness Durham."

We think that the court was in error in permitting this testimony:

In bill of exception No. 6, the appellant complains of the action of the court in permitting the district attorney after placing the witness Ross Triana upon the witness stand in behalf of the State to attempt to impeach him thereafter by introducing an affidavit made by said witness showing alleged contradictory statements not in keeping with his testimony, made in the district attorney's office. The bill discloses that said witness failed to identify the appellant while testifying for the State before the jury as being the same party that had intercourse with the prosecutrix, then the State with said alleged affidavit called said witness' attention to same and interrogated him relative thereto and as to whether or not he made said statments therein and if they were true. The appellant raised the objection that the State was not authorized to impeach its own witness in said manner and that said witness had not violated any rule authorizing such procedure and the State was appraised of the fact that said witness would not testify favorably for the State as to such identification of the defendant and that said witness had made prior to said affidavit an affidavit in behalf of the defendant on the former trial stating that he could not identify the defendant as being the same man that accosted and had intercourse with the prosecutrix and in effect that he was not the same man. And the

state was fully aware of said affidavit it being attached to said motion for new trial and was not misled by any conduct of said witness. We think that the authorities cited by the appellant in support of this contention, as follows: Scott v. State, 20 S. W. 549; Ingram v. State, 182 S. W. 290; Hollingsworth v. State, 182 S. W. 482; Oates v. State, 67 Texas Crim. Rep. 488, 149 S. W. 1194, announce the law correctly and in keeping with the contention of the appellant in this instance.

It is strenuously urged by the appellant in this case that the evidence is insufficient to warrant his conviction, but in view of the disposition we have made of this case, we don't think it necessary at this time to discuss this contention.

For the errors above discussed, we are of the opinion that this case should be reversed and remanded and it is according so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.