RUSSELL LANE, *alias* SPIKE LANE, V. THE STATE.

No. 19393.   Delivered March 3, 1938.

The opinion states the case.

*Currie McCutcheon*, of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for robbery; punishment, twenty years in the penitentiary.

No evidence whatever was introduced for appellant. The State's evidence shows that on the 6th day of April, 1936, appellant and other parties robbed the Borden Milk Company of something over $1,500.00, taking the money from Robert Carmichael, cashier of said company.

Miss Lamberth, who was employed as a stenographer by the company at the time of the robbery, in her direct testimony positively identified appellant as one of the robbers, saying, among other things: " * * * There is no question in my mind about him being one of the four who came up there and robbed us. I am certain about it; absolutely. I can not be mistaken."

On cross-examination it was elicited from the witness that she never saw appellant from the time of the robbery in April until the following November when she saw him in jail, it being sought by said cross-examination to affect the weight of witness' evidence identifying appellant on the trial.

Bill of exception number one shows that appellant objected to the State showing on redirect examination of said witness that she identified appellant on the occasion of seeing him in jail, and also at another time when she saw him in the courtroom about a month before the present trial. Many objections were urged to this evidence of witness given on redirect examination. These objections were overruled, but later the court, apparently through an abundance of caution, withdrew all the evidence in regard to witness' identification of appellant in jail and in the courtroom a month before the trial. It is appellant's contention that the court's instructions in withdrawing such evidence had the effect of also withdrawing the evidence that witness never saw appellant from April 6th until she saw him in jail in November, and that such evidence was pertinent on the weight of her testimony as to the identification of appellant on the trial. Before discussing the bill we state that the court erred against the State in withdrawing the evidence of witness' identification of appellant on the former occasions mentioned. See Branch's Ann. Tex. P. C., Sec. 2483, page 1344, and cases there cited. Also, Fortune v. State, 96 Texas Crim. Rep. 569, 259 S. W. 573; Weaver v. State, 68 Texas Crim. Rep. 214, 150 S. W. 785. We are not impressed with the idea that the bill shows that the trial court withdrew the evidence showing that witness had never seen appellant from the time of the robbery until she saw him in jail six months later. The qualification to the bill certifies as follows:

"Regardless of whether or not the testimony complained of in this bill is admissible the court when the State rested its case, withdrew from the consideration of the jury the testi-

mony of the witness Floy Lamberth about her identification of the defendant in the county jail, picking him out from among four people. All questions asked with reference to that identification in the county jail at the time it was admitted, was withdrawn, and the jury instructed not to consider it for any purpose; and also the question asked her by the State's counsel, about 'whether or not she identified the defendant here in the courtroom on a former occasion,' and with reference to 'whether or not he had on glasses or wore a mustache at that time,' and all the questions with reference to her identification on that occasion and all answers thereto, both as to the occasion of identifying him in the courtroom and in the county jail. And in the court's charge to the jury, the jury was instructed 'that any evidence introduced by the State pertaining to the identification of the defendant by the witness, Floy Lamberth, in the county jail and in the courtroom prior to this date, is hereby withdrawn from your consideration, and you are instructed not to consider the same for any purpose; all the questions asked by the State, as well as the answers made thereto by the said witness pertaining to the manner of identification, and the appearance of the defendant on the said two occasions, are withdrawn from your consideration, and you are charged to disregard them and not to consider same for any purpose.' "

There is found in the written instructions to the jury the charge incorporated in the qualification. We think it not shown from the bill that the part of witness' evidence elicited by appellant was withdrawn either by oral or written instructions.

What has been said regarding bill number one also disposes of bill number two regarding witness McGee's evidence as to the identification of appellant in jail, and the withdrawal thereof from the jury.

The other questions presented by bills three and four seem to be without merit and do not require discussion.

The judgment is affirmed.