FLOYD LUCAS v. STATE

No. 27,055. June 23, 1954
Rehearing Denied October 13, 1954
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) November 3, 1954

*Hosea L. Edwards,* Nacogdoches, for appellant.

*James H. Moore,* District Attorney, Nacogdoches and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is a violation of Article 535c, V.A.P.C. (indecent exposure to child) ; the punishment, three years.

The prosecutrix named in the indictment, an eight-year-old girl, was waiting for her mother following her music lesson in the residential section of the city of Nacogdoches at approximately four o'clock in the afternoon. She testified that a pickup truck containing only the driver came to a halt at the curb, and the driver engaged her in conversation. She stated that while she was standing on the running board the driver exhibited his private parts to her. She gave a rather complete description of both the driver and the pickup truck and its contents. She stated that within a few moments after the departure of the driver her mother arrived, and she gave her a full account of what had transpired.

Prosecutrix testified that at approximately ten o'clock that evening she and her parents went to the police station, where she identified the driver and also the pickup truck. Prosecutrix was not called upon to identify the appellant at the trial as being the person who had made the indecent exposure to her or as the person whom she had identified at the police station.

Prosecutrix' mother testified that her daughter was emotionally upset when she picked her up on the day in question and immediately reported the incident to her, which she at once reported to the police.

Mrs. Greer, who lived near the house where prosecutrix took her music lesson, testified that at the time in question she noticed the little girl playing at the curb, noticed a pickup truck

parked there, and saw the child talking to the driver. She stated that some five minutes later the truck left, and as it passed her house she observed the driver, whom she identified as the appellant on trial, and noticed that the words, "Longview, Texas," were lettered on the side of the truck.

Officer Roebuck testified that on the night of the day in question he was looking for the foreman of the Leon Southall Plumbing Company, which was doing some work on a local school building, in order to determine from him who had been driving their truck that afternoon, and during the course of his search he came to the appellant's home some distance out of town. Officer Roebuck testified that from his conversation with the appellant he learned that the appellant himself had driven the company truck that afternoon. He stated that when he learned this fact he asked the appellant to bring the truck to the police station, where he was identified by the prosecutrix as being the man who had exposed himself to her that afternoon. Pictures of the appellant and the pickup truck were taken and introduced in evidence. The lettering on the side of the truck read, "Leon Southall Plumbing, Longview, Texas." Pictures of the interior of the truck were also introduced in evidence, and they support the testimony of the prosecutrix.

Appellant and his witnesses testified that he was delivering pipe from one new school building to another in the pickup truck at the time in question and denied that he exposed his person to prosecutrix. The issue of alibi was submitted to the jury; they found against the appellant, and we find the evidence sufficient to support the conviction.

The only serious question in the case arises from appellant's contention that, since at the officer's request he stood up, turned around, gave his name and told where he lived while at the police station in the presence of the prosecutrix, this constituted requiring him to give evidence against himself, in violaton of the Constitution and in direct conflict with the holding of this court in Beachem v. State, 144 Texas Cr. Rep. 272, 162 S.W. 2d 706. We must analyze the facts in the Beachem case to determine if it is here controlling. In that case two young people were parked on a country road at night when a colored man wearing a handkerchief about his face assaulted and robbed them. The following day the identifying witness came to the jail and was unable to identify the accused from his appearance and "was unable to make that identification until she not only heard appellant's voice but heard him utter certain words, which he was

required to repeat in her presence while under arrest and while confined in jail."

In the case at bar the prosecutrix seemed to have based her identification of appellant at the police station, omitting from consideration the fact that she had seen him face to face in the daylight, upon the fact that he was unshaven, that he wore dark blue coveralls, a light blue shirt with a torn sleeve, and a dirty cap. She identified the pickup by a certain tear in the upholstery which made the coil springs and the padding visible, together with a lunch box which was on the seat. Nowhere in her testimony does she discuss his voice or state that her identification hinged in any manner upon her recognition of his voice. We do not think the Beachem case is here controlling, for many reasons which we feel it is unnecessary to discuss, but if it were it would still be incumbent upon the accused to show that his vocal utterances were in fact used against him by the witness in making her identification. It is not the fact that an accused is required to give evidence against himself that violates the constitutional inhibition; it is the use of such evidence to convict him that causes a reversal. What we have said disposes of the question of the propriety of the charge of the court on verbal statements made by the accused. The only verbal statements shown to have been made at the police station were that appellant gave his name and address.

Appellant complains of the testimony of Officer Roebuck and the prosecutrix' mother to the effect that prosecutrix identified the appellant at the police station on the night of the day in which he exhibited himself to her. He relies upon Reddick v. State, 35 Texas Cr. Rep. 463, 34 S.W. 274; Weaver v. State, 68 Texas Cr. Rep. 214, 150 S.W. 785; Fortune v. State, 96 Texas Cr. Rep. 569, 259 S.W. 573, and other cases which follow them. The rule expressed there seems to be that as original evidence the prosecutrix, who has identified her assailant at the trial, may testify that she identified him while he was in the custody of the police but others may not bolster her testimony by corroborating the fact that she identified him in the jail.

We do not think this rule finds application in the case at bar. Here, as stated, no effort was made to have the prosecutrix identify the appellant in the courtroom. Whether this was because of a change in dress or appearance of the appellant or because of a lapse of time between the incident and the trial need not concern us here. The effect of the testimony of the two witnesses mentioned was merely to connect the accused then on trial with

the individual who had been identified by the prosecutrix as the man who had exhibited himself to her.

The only case cited by appellant which might be construed contrary to the conclusion here reached is Haughton v. State, 99 Texas Cr. Rep. 42, 267 S.W. 715. In that case the identifying witness had died after the incident and before the trial. We held it reversible error for the officers to testify that the deceased had identified the accused before his death.

The distinction between that case and the case at bar is that the accused could not cross-examine the deceased, while nothing prevented the accused from cross-examining prosecutrix and determining if in fact she could identify the person then on trial.

Appellant complains of the introduction into evidence of pictures of the appellant taken at the police station that night.

We here observe that it is not at all clear from the record that the appellant was actually placed under arrest until after he was identified by the prosecutrix. He proceeded alone in his own motor vehicle to the police station, and he testified that he was trying to co-operate with the officers. Be that as it may, we know of no case holding that pictures of an accused taken after his arrest are inadmissible. In fact, in Mouton v. State, 155 Texas Cr. Rep. 450, 235 S.W. 2d 645, and 236 S.W. 2d 499, we affirmed a death penalty conviction where pictures of the accused made after his arrest were introduced in evidence.

Appellant moved to quash the indictment on the grounds that it was not alleged whether the person under the age of 16 years to whom the exposure was made was a male or a female. Such is not an essential allegation, and the court properly overruled the motion.

Finding no reversible error, the judgment of the trial court is affirmed.

ON MOTION FOR REHEARING

GRAVES, Presiding Judge.

Appellant contends that at the time he was first approached by Officer Roebuck, he was immediately placed under arrest and kept under arrest continuously until he was identified by the lit-

tle girl as the person herein complained of. We cannot agree with the fact that appellant was under arrest until after he was identified by the child. It was shown that the officer testified that he had no warrant for him but did request the appellant to come to the police station, and that appellant drove his own truck to the police station. It was also shown that appellant dressed himself, went out, got in his automobile and drove to the police station for the purpose of clearing up any matters about which the little girl was complaining. It was shown further that appellant was not arrested until the little girl identified him and declared that he was the person who acted as is herein charged.

It is further contended that appellant was not sufficiently identified as such person who had exhibited himself to this child.

It is worthy of note herein that the identification does not depend solely upon the statement of the complaining witness. Mrs. Greer also testified that she saw the side face of the man who had been in conversation with the little girl and also saw his truck that he was driving, and that appellant was the man who was in that truck and drove it away, as the little girl left him. The truck was also identified by her as having the words "Longview, Texas," lettered on its side.

It is true that appellant offered an alibi in this matter which was submitted to the jury under a proper charge, and they decided that issue against him. We see no reason why we should disturb their verdict herein.

The motion for rehearing is therefore overruled.