**Neal Wood LYONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37772.**

Court of Criminal Appeals of Texas.

March 24, 1965.

Rehearing Denied April 28, 1965.

H. E. (Bill) Tarpley, Phil Burleson, Dallas, for appellant.

Henry Wade, Dist. Atty., Frank Watts, John Vance, and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for indecent exposure to a child; the punishment, two years.

In view of our disposition of the case, a recitation of the facts is unnecessary other than to observe that upon the trial the eleven-year-old child named in the indictment identified the appellant as a man who had exposed his sexual parts to her on the date alleged. She further stated that after she had reported the incident to her parents she not only identified a picture of appellant but also identified the appellant, in person, at a police lineup as the man who had exposed himself to her.

Testifying in his own behalf, appellant denied that he was the man. He also testified to an alibi and was corroborated by other testimony in support of the defense.

Over appellant's timely objection, the state was permitted to show by the testimony of Officers Bynum and Brumit that the minor child did identify appellant at the police lineup and also picked out his picture, from a number of pictures furnished her by the officers, as the man who had exposed himself to her.

Appellant objected to the testimony on the ground that it was an effort by the state to bolster the testimony of an unimpeached witness.

■ In permitting the testimony over such objection, the court erred. The child had positively identified appellant at the trial as the guilty party. True, she was fully cross-examined by appellant with reference to her identification but she was not impeached.

■ It is the rule that while a witness who has identified her assailant at the trial may testify that she also identified him

while he was in custody of the police, others may not bolster her unimpeached testimony by corroborating the fact that she did identify him. See: Reddick v. State, 35 Tex.Cr.R. 463, 34 S.W. 274; Weaver v. State, 68 Tex.Cr.R. 214, 150 S. W. 785; Fortune v. State, 96 Tex.Cr.R. 569, 259 S.W. 573; Lucas v. State, 160 Tex. Cr.R. 443, 271 S.W.2d 821.

It cannot be said that the testimony presented by the state bolstering the prosecuting witness's testimony was not injurious to appellant. Its admission calls for a reversal of the conviction.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the court.