**Chester Lee GRANT, also known as John Davis, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43405.**

Court of Criminal Appeals of Texas.

Feb. 10, 1971.

————◆————

Will Gray, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Allen L. Stilley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction of forcible rape. The court assessed the punishment at life imprisonment after the jury's verdict.

Appellant's one ground of error is that the state was permitted to introduce testimony that the husband of the prosecutrix had identified appellant from pictures furnished him by police, when appellant's identification by prosecutrix was unimpeached.

The husband, Aubrey Jackson, called by the state, testified on direct examination as follows:

"Q (By Mr. Stilley) Mr. Jackson, shortly after this happened, did you see a number of pictures at the police department or did the police officer show you a number of pictures or not?

"A Yes, sir.

"MR. GRAY: We are going to object to this question. We object, Your Honor, to the question on the grounds that counsel is bolstering the witness. There has been no issue involving identity or so on. It's completely and wholly immate-

rial. It's prejudicial and inflammatory and it's indirect evidence of extraneous offenses which are not material in any way to this case. We ask the jury be instructed to disregard it.

"THE COURT: Overruled.

"Q (By Mr. Stilley) Were you to identify a picture of this man that's seated in the courtroom that day or shortly thereafter or not?

"A I sure did. Yes, sir.

"MR. GRAY: Your Honor, at this time we move for a mistrial based upon our previous objection to the question and upon this answer, denying this defendant a fair trial, introducing extraneous matter, offenses, prejudicial and inflammatory. There's no issue of identity or scheme design or any other issue that would make this evidence material.

"THE COURT: Overruled.

"MR. GRAY: Note our exception."

Appellant relies on Lyons v. State, Tex.Cr.App., 388 S.W.2d 950, which holds that where the witness has identified her assailant at the trial, she may also testify she identified him while in custody of the police, but others may not bolster her unimpeached testimony by corroborating the fact that she identified him. Reddick v. State, 35 Tex.Cr.R. 463, 34 S.W. 274; Weaver v. State, 68 Tex.Cr.R. 214, 150 S.W. 785; Fortune v. State, 96 Tex.Cr.R. 569, 259 S.W. 573; Lucas v. State, 160 Tex.Cr.R. 443, 271 S.W.2d 821. The writer has examined all of said cases and they do not involve the same principle as offered in this case in regard to the testimony of Jackson. But appellant, however, says that the testimony of Jackson indirectly bolstered the testimony of the prosecutrix in that she had likewise identified appellant from police photographs.

The prosecutrix had identified appellant in open court as the man who raped her. She further testified he had been at her house the day before and she talked with him. She heard appellant talking with her husband on the day of the offense but did not see him.

The witness Jackson corroborated her testimony that appellant and he had been at their house earlier in the day. They had been drinking beer and stopped off at the house to talk. Mrs. Jackson was in another room of the house. Jackson and the appellant left together, along with another man, Robert Garner, who had come by. Jackson told appellant he was going to take a man to a motor company to sell him a car. When they separated, the appellant asked Jackson how long he would be gone from the house, and Jackson replied, "I might be gone a pretty good while." The prosecutrix having identified the appellant, it is relevant for the state to show that the appellant knew that she would be at home alone.

There being no reversible error, the judgment of the trial court is affirmed.