Willard Bishop JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 47884.

Court of Criminal Appeals of Texas.

March 27, 1974.

Charles W. Tessmer and Ronald L. Goranson, Dallas (Percy Foreman, Dick De-Guerin, Houston, of counsel), for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is rape; the punishment, 25 years.

In view of our disposition of this appeal, only a discussion of ground of error seven is required.

The State witnesses Tally and Johnson testified that the appellant entered their apartment and there ravished both of them. They were both unequivocal in their identification of the appellant, both at the scene and at the police station where he was identified by each of them in the lineup. Each witness was strenuously cross examined, but not once did either of them vary nor was any evidence introduced from any other source indicating that their identification of appellant was impeached.

In rebuttal, over strenuous and proper bolstering objections, the State was permitted to call Officer Wagoner and elicit from him the fact that both Tally and Johnson had been shown numerous photographs of other Negro males of similar height and weight to the appellant and had never identified any of such photographs as being that of the appellant, and further to prove by him, over the same objection, that both Tally and Johnson identified the appellant at the lineup and later identified pictures of him shown to them at the police station.

In Acker v. State, Tex.Cr.App., 421 S.W.2d 398, we had occasion to trace the rule here applicable from Morton v. State, Tex.Cr.App., 71 S.W. 281, citing Satterwhite v. State, 77 Tex.Cr.R. 130, 177 S.W. 959; Ballew v. State, 161 Tex.Cr.R. 579, 279 S.W.2d 336, and Lyons v. State, Tex.Cr.App., 388 S.W.2d 950.

In Lyons, supra, we were confronted with a very similar situation. There we said:

"In view of our disposition of the case, a recitation of the facts is unnecessary other than to observe that upon the trial the eleven-year-old child named in the indictment identified the appellant as a man who had exposed his sexual parts to her on the date alleged. She further stated that after she had reported the in-

cident to her parents she not only identified a picture of appellant but also identified the appellant, in person, at a police lineup as the man who had exposed himself to her.

"Testifying in his own behalf, appellant denied that he was the man. He also testified to an alibi and was corroborated by other testimony in support of the defense.

"Over appellant's timely objection, the state was permitted to show by the testimony of Officers Bynum and Brumit that the minor child did identify appellant at the police lineup and also picked out his picture, from a number of pictures furnished her by the officers, as the man who had exposed himself to her.

"Appellant objected to the testimony on the ground that it was an effort by the state to bolster the testimony of an unimpeached witness.

"In permitting the testimony over such objection, the court erred. The child had positively identified appellant at the trial as the guilty party. True, she was fully cross-examined by appellant with reference to her identification but she was not impeached.

"It is the rule that while a witness who has identified her assailant at the trial may testify that she also identified him while he was in custody of the police, others may not bolster her unimpeached testimony by corroborating the fact that she did identify him. See: Reddick v. State, 35 Tex.Cr.R. 463, 34 S.W. 274; Weaver v. State, 68 Tex.Cr.R. 214, 150 S.W. 785; Fortune v. State, 96 Tex.Cr.R. 569, 259 S.W. 573; Lucas v. State, 160 Tex.Cr.R. 443, 271 S.W.2d 821.

"It cannot be said that the testimony presented by the state bolstering the prosecuting witness's testimony was not injurious to appellant. Its admission calls for a reversal of the conviction."

Lyons v. State, supra, calls for a reversal of this conviction.

For the error pointed out, the judgment is reversed and the cause remanded.