Phil L. Adams, court appointed, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds and Jim Walker, Asst. Dist. Attys., Dallas, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of aggravated robbery; the punishment is imprisonment for 15 years.

The appellant was identified by an accomplice witness who testified that he and the appellant committed the robbery. The complainant, an employee at a convenience store, identified the appellant as one of the two men who robbed her of $158.00 at the store.

In his sole ground of error the appellant asserts that the trial court erred in allowing the State to bolster an unimpeached witness. The court admitted a photograph of the appellant and permitted the complainant to testify, over objection, that prior to

**Billy Darmon WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55599.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 24, 1978.

trial she had seen that photograph of the appellant and identified him as one of the men who had robbed her.

A witness who has identified a defendant at trial may testify that prior to trial he identified a photograph of the defendant, or the witness may testify that prior to trial he identified the defendant while the defendant was in custody. E. g. *Lyons v. State*, 388 S.W.2d 950 (Tex.Cr.App. 1965); *Ward v. State*, 427 S.W.2d 876 (Tex. Cr.App.1968); *Frison v. State*, 473 S.W.2d 479 (Tex.Cr.App.1971); *Jackson v. State*, 507 S.W.2d 231 (Tex.Cr.App.1974). The pretrial identification procedure must, of course, meet constitutional standards. *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *Writt v. State*, 541 S.W.2d 424 (Tex.Cr.App.1976); *Beaupre v. State*, 526 S.W.2d 811 (Tex.Cr.App.1975); *Martinez v. State*, 437 S.W.2d 842 (Tex.Cr.App.1969).

The appellant says that cases such as *Lyons v. State*, supra, and *Frison v. State*, supra, are not supported by precedent, are unsound, and should be overruled. The appellant's contentions are not in accord with the views expressed by Wigmore:

"Ordinarily, when a witness is asked to *identify* the assailant, or thief, or other person who is the subject of his testimony, the witness' act of pointing out the accused (or other person), then and there in the courtroom, is of little testimonial force. After all that has intervened, it would seldom happen that the witness would not have come to believe in the person's identity. The failure to recognize would tell for the accused; but the affirmative recognition might mean little against him. (Footnote omitted.)

"The psychology of the situation is practically the same as when recent contrivance is alleged. To corroborate the witness, therefore, it is entirely proper . . . to prove that *at a former time*, when the suggestions of others could not have intervened to create a fancied recognition in the witness' mind, he recog-

nized and declared the present accused to be the person. If, moreover (as sometimes is done) the person was then so placed among others that all probability of suggestion (by seeing him handcuffed, for example) is still further removed, the evidence becomes stronger. The typical illustration is that of the identification of an accused person at the time of arrest . . .

"This is a simple dictate of common sense, and was never doubted in orthodox practice. That some modern courts are on record for rejecting such evidence is a telling illustration of the power of a technical rule of thumb to paralyze the judicial nerves of natural reasoning. (Footnote omitted.)" (Emphasis in original.) 4 Wigmore, Evidence, Sec. 1130 (Chadbourn rev. 1972).

It is apparent that the rule of *Lyons v. State*, supra, which allows a witness to testify that prior to trial he identified a defendant, but which does not allow extraneous evidence—such as the testimony of a police officer—that prior to trial the witness identified a defendant, is more restrictive than the view expressed in Wigmore.

The trial court did not err in admitting the photograph and the complainant's testimony that prior to trial she had seen that photograph and had identified the appellant as one of the men who robbed her.

The judgment is affirmed.