**Doyle Wayne DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 289–82.**

Court of Criminal Appeals of Texas, En Banc.

June 16, 1982.

Rehearing Denied July 14, 1982.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is an appeal from a conviction for theft of property having a value greater than $200.00 but less than $10,000.00. Punishment was assessed at imprisonment for 20 years and a $10,000.00 fine. The Court of Appeals affirmed. *Davis v. State*, 630 S.W.2d 769 (Tex.App.—Houston [1st District], 1982).

In his petition for discretionary review the appellant complains that the Court of Appeals erred in overruling his ground of error complaining of the bolstering of the witness Cooper. Cooper, the manager of Wolf's, a loan company, testified on June 1, 1979, the date of the alleged theft of the money orders in question, that he cashed certain money orders for the appellant. Cooper related appellant had been a customer of the store for five to seven years and he knew him. He further related that he selected appellant's picture from a photographic spread shown him by the police.

This testimony was unimpeached. The State subsequently called Detective Marcum, who, over timely objection that his testimony would be bolstering unimpeached testimony, was permitted to testify that Cooper had selected appellant's picture from a photographic spread.

The Court of Appeals held the trial court erred in admitting such testimony, but no harm ensued because of the bolstering. The said court wrote: "The bolstering testimony added little or nothing to the State's case because the identification by Mr. Cooper was so positive that there was no serious issue that the defendant was the man who cashed the money orders. In fact, the only defense witness attempted to show that defendant[1] obtained possession of the

---

1. It is observed that the terms defendant and appellant are used interchangeably throughout the Court of Appeals opinion, even in the same paragraph, adding some confusion to the opinion, but apparently referring to the accused.

money orders in a dice game rather than by stealing them. We are aware of the case *Lyons v. State,* 388 S.W.2d 950 (Tex.Cr.App. 1965), when Judge Dice, speaking for the Court of Criminal Appeals said, 'It cannot be said that the testimony presented by the State bolstering the prosecuting witness' testimony was not injurious to appellant. Its admission calls for a reversal of the conviction.' However we are of the opinion that the court did not intend that its rulings in *Lyons* encompass a fact situation such as ours, where the testimony regarding appellant's identification is so overwhelming. No harm could possibly have occurred because of the bolstering."

■ Insofar as the Court of Appeals opinion can be interpreted as holding the error in the admission of the testimony harmless because the unimpeached testimony was "positive" and "overwhelming," we conclude that the Court of Appeals was wrong. It is in precisely such situations that the bolstering rule applies. See *Lyons v. State,* 388 S.W.2d 950 (Tex.Cr.App. 1965); *Jackson v.* State, 507 S.W.2d 231 (Tex.Cr. App. 1974).

■ We agree, however, that under the particular facts of the instant case that the error in admission was harmless error beyond a reasonable doubt. Cooper, who was not the prosecuting witness, did not identify the appellant as the thief, but as the man who cashed the money orders. The appellant offered the testimony of Joseph Francis, Jr., that on the afternoon of the day of the alleged theft he and others were in a dice game with the appellant and appellant was one of the winners. Francis could not recall whether money orders were in the "pot" during the dice game, but stated he remembered traveller's cheques and cash were in the "pot." The appellant's defensive theory was that he did not steal the money orders he cashed, but had won them in a dice game. This was the argument urged on the jury by appellant's counsel. There never was a challenge to the fact that Cooper had cashed the money orders presented to him by the appellant. No reversible error is presented.

We take this opportunity to reemphasize that opinions by the Courts of Appeals in criminal cases should not be published when they present no question or application of any rule of law of interest or importance to the jurisprudence of the State. Tex.R.

Civ.P. 452; Tex.Cr.App.R. 211. We also call attention to the more specific guidelines for publication set out in Rule 452 as amended effective August 15, 1982. Finally, we suggest that when the decision to publish an opinion is made by a Court of Appeals, submission of the opinion to the publisher be delayed until after the mandate of the Court of Appeals has issued. Such a delay would allow this Court an opportunity to grant or refuse any petition for discretionary review that might be filed before the opinion of the Court of Appeals is published. Publication of an opinion that is subsequently reversed or substantially modified by this Court on petition for discretionary review does not advance the jurisprudence of the State.

Appellant's petition for discretionary review is refused.