**Doyle Wayne DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0036–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 4, 1982.

Discretionary Review Refused June 16, 1982.

Allen Isbell, Houston, for appellant.

Ray Elvin Speece, Houston, for appellee.

Before WARREN, BASS and SMITH, JJ.

WARREN, Justice.

Appellant was convicted of the offense of theft; the jury found that he had previously been convicted of a felony and punishment was assessed at twenty years in the Texas Department of Corrections and a fine of $10,000.

On June 1, 1979, the complainant, Vecerra, during his lunch hour, purchased eight money orders valued at $743.75 to use in payment of his monthly bills. The name of the payee was left blank on the money orders and none were signed by Vecerra. Vecerra left the money orders in a bank bag which he "secreted" between the seats of his automobile. When he returned to the parking lot at 3:30 p.m., he found his car door open and the money orders gone.

Three days later, he received a call from an official of the bank which issued the money orders informing him that the money orders had been cashed through the bank and bore the signature of appellant.

On the same afternoon that the money orders were stolen, appellant appeared with them at a "clothing store and loan company" called Wolf's. Mr. Cooper, the manager of Wolf's, testified that appellant was a regular customer of the store and that, in fact, appellant had some items "in pawn" on June 1, 1979. Appellant had Cooper cash the money orders and then used some of the cash to redeem the goods he had in pawn. When he had the money orders cashed, appellant explained to Cooper that he had bought them with the intent to use them to pay his bills but changed his mind.

At trial, Vecerra based his identification of the money orders cashed by appellant as the ones he had bought on four facts: 1) the identifying numbers of the money orders were sequential; 2) the money orders were for the exact amount that he had purchased; 3) they were issued by the same bank from which he bought his money orders; 4) they were all dated June 1, 1979.

Appellant did not testify at trial. He did, however, introduce the testimony of Joseph Francis, Jr. as an explanation of how he got the money orders. Francis testified that he saw appellant late in the afternoon on June 1 with a "whole gang" of people who were "gambling, shooting dice." Francis said that appellant was one of the people who won that day but he did not know how much appellant won. Francis noticed that travelers checks and cash were in the pot, but he did not remember if any money orders were in the pot, nor if any of the travelers checks in the pot were signed or unsigned.

Appellant urges nine grounds of error, the first being that the circumstantial evidence is insufficient as a matter of law to support the conviction. When a conviction has been returned on circumstantial evidence and an insufficiency ground is raised on appeal, the evidence is to be viewed in light of the presumption that the accused is innocent, *Sewell v. State*, 578 S.W.2d 131, 135 (Tex.Cr.App.1979). No acts which are not shown to be committed by the accused may be presumed against him. *Id.* Ultimately, the court must ask itself whether there was evidence from which the jurors might reasonably conclude that every reasonable hypothesis other than the defendant's guilt was excluded. *Flores v. State*, 551 S.W.2d 364 (Tex.Cr.App.1977). The facts need not exclude every hypothesis that the act was committed by someone other than the accused, "it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances." *Stogsdille v. State*, 552 S.W.2d 481 (Tex.Cr.App.1977).

The combined and cumulative force of all of the incriminating circumstances in this case warrant a finding of guilt by the jury.

The facts before the jury indicated that Vecerra's eight blank money orders were stolen between 12:30 p. m. and 3:30 p. m. on June 1. On that same afternoon, money orders totalling the same amount as those Vecerra bought were cashed by appellant at Wolf's Department Store. At trial Vecerra identified the money orders whose serial numbers were sequential, and each money order was for the identical amount as one he had purchased. For example, one of the money orders he bought was for his month-

ly house payment of $366.50. One of the money orders appellant cashed was for $366.50. Another of the money orders Vecerra bought was for $34.95, the amount of his gas bill. One of the money orders cashed by appellant was for $34.95. In the same fashion, each of the money orders cashed by appellant matched the money orders bought by Vecerra.

■ Vecerra's testimony was sufficient to show that a theft was committed and that he was the owner of the money orders taken. Appellant was shown to have been in possession of the stolen property on the same day of its theft. Appellant's explanation of his possession of the property to Mr. Cooper, the manager of Wolf's Department Store, was that he bought them to pay bills, but changed his mind. Mr. Vecerra's testimony controverted this explanation.

■ When evidence of theft is circumstantial and based on possession, and the person in whose exclusive possession the recently stolen property is found fails to give an explanation, or gives a false explanation when called upon to explain, or when facts are such as to require explanation from him, conviction is warranted without further proof. *Bowers v. State*, 414 S.W.2d 929 (Tex.Cr.App.1967).

■ Appellant's contention that the state did not rebut his evidence explaining his possession of the recently stolen property is not well taken. A Mr. Francis testified that he witnessed a dice game on the day the money orders were stolen; that in the pot were several traveler's checks and that appellant was a big winner. Explanation of possession made at the time the accused is found in possession, and not the explanation made at the time of trial, controls in determining sufficiency of proof. *Bowers v. State*, supra.

■ The next ground of error asserts that the trial court erred in allowing the prosecutor to voir dire the jury on the range of punishment for a second offender because it indirectly informed the jury that appellant was previously convicted. Appellant also claims that this procedure violated article 36.01(1) of the Texas Code of Criminal Procedure. There is no contention that the enhancement paragraph was read to the jury before the punishment stage of the trial, or that the jury was informed that appellant was a second offender.

In *Bevill v. State*, 573 S.W.2d 781, 783 (Tex.Cr.App.1978) (reversed on other grounds), the Texas Court of Criminal Appeals stated that allowing counsel to explain the applicable ranges of punishment is the only way that both parties can intelligently use their peremptory challenges when the jury is to assess punishment. Noting that the jury can be informed generally of the applicable punishment without having to read the precise allegations for enhancement, the court concluded that Article 36.01(1) would not be violated. See also *Martinez v. State*, 588 S.W.2d 954 (Tex. Cr.App.1979).

This ground of error is overruled.

■ Appellant's next ground of error complains of the trial court's refusal to sustain his objection to testimony of detective Marcum, who, the appellant claims, bolstered the testimony of Mr. Cooper, the manager of Wolf's.

Mr. Cooper testified that he had known appellant for several years before the transaction in question, that appellant had been a customer of the store and that he could not be mistaken in his identification of appellant as the one who cashed the money orders. He also testified that the detective came in with photos and that he had the opportunity to identify a photograph of the defendant. The State later called Detective Marcum, who testified, over timely objection, that Mr. Cooper identified the photo of defendant as being that of the person who passed to him the money orders in question.

The identification of defendant by Cooper was positive, and there was no attempt to impeach his testimony. The court erred in admitting, over objection, the testimony of Detective Marcum which bolstered Mr. Cooper's identification testimony. The State urges that an exception to the rule should be made in this case because the witness

whose testimony was bolstered had known the defendant for several years before the incident and could not have been mistaken in his identification of defendant. There are other compelling reasons why the case should not be reversed because of the violation of the bolstering rule. The bolstering testimony added little or nothing to the State's case because the identification by Mr. Cooper was so positive that there was no serious issue that defendant was the man who cashed the money orders. In fact, the only defense witness attempted to show that defendant obtained possession of the money orders in a dice game rather than by stealing them. We are aware of the case *Lyons v. State*, 388 S.W.2d 950 (Tex.Cr.App. 1965), when Judge Dice, speaking for the Court of Criminal Appeals said, "It cannot be said that the testimony presented by the State bolstering the prosecuting witness' testimony was not injurious to appellant. Its admission calls for a reversal of the conviction." However, we are of the opinion that the court did not intend that its ruling in *Lyons* encompass a fact situation such as ours, where the testimony regarding appellant's identification is so overwhelming. No harm could possibly have occurred because of the bolstering.

This ground of error is overruled.

The next six grounds of error complain of comments made by the prosecutor while cross-examining appellant's witness and during argument at both the guilt and punishment stage of the trial.

■ Appellant first complains of the prosecutor making the remark that Francis, a witness for appellant "had enough experience to know what a felony is, I'm sure." This remark came after the prosecutor had asked the witness if he had ever been convicted of a felony and appellant's attorney asked the court to define a felony for the witness. The prior testimony revealed that the witness had been convicted for gambling, shoplifting and carrying a pistol and had been committing other crimes. Appellant's counsel objected to the statement; the court promptly sustained the objection and instructed the jury to disregard the statement. This cured any prejudice which the statement might have caused. *Jones v. State*, 504 S.W.2d 906 (Tex.Cr.App.1974).

■ During the prosecution's argument at the guilt stage of the trial, the prosecutor made the following statement in an attempt to discredit Mr. Francis, appellant's sole witness.

Mr. Vincent (The prosecutor): you can remember the testimony. I'm not trying to hide anything. He spent 30 days in jail for prostitution. He's a prostitute. He's a gambler. He told you he's in jail right now for gambling.

Mr. Isbell: (Defense Counsel) That is not true. The man is not in jail. I object to that.

The Court: Sustained.

Mr. Vincent: You can remember the evidence.

Mr. Isbell: I ask for an instruction.

The Court: Sustained.

The witness did not testify that he was presently in jail for gambling. Although the court promptly sustained appellant's objection, he did not instruct the jury to disregard the statement. However, the court's promptness in sustaining the objections could leave no doubt in the jury's mind that the prosecutor's statements were not admissible and that they were not condoned by the court. There is no error.

■ The remaining three errors pertain to the argument of the prosecutor during the penalty phase of the trial, the first argument follows:

"... So what can we do? We have to put him away from the rest of us, because if he's allowed to stay with us, he'll just go ahead and bother us some more."

Upon objection being made by counsel for appellant, the court promptly instructed the jury to disregard the statement.

Minutes later, while pleading with the jury to give appellant the maximum punishment of twenty years, the prosecutor said:

"He's a four-time loser. He is above the law. He does what he wants when he wants to do it. He'll take your car. He'll take your money."

Again appellant's counsel objected; the court sustained the objection and instructed the jury to disregard the statements.

The prosecutor then told the jury (which contained 11 women) that "a lot of defendants come in here when they see a jury packed with women and think, oh good, we've got our chance now." Defense counsel's objection was overruled. The prosecution then renewed his argument made earlier and after telling the jury that they should assess the maximum punishment, said, "I know it will have an effect on him, because I know he's going to be behind bars for 20 years, and he's not going to take your car." The court sustained defense counsel's objection and instructed the jury not to consider the statement, but overruled the motion for mistrial.

 A jury argument should be confined to (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answer to argument of opposing counsel, and (4) a plea for law enforcement. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr. App.1973).

Clearly, some of the prosecutor's arguments were outside the record and some could not by any stretch of the imagination be within the bounds set by *Alejandro*; however, considering the fact that the court promptly sustained the objection and instructed the jury to disregard them, we cannot say that the arguments were so prejudicial as to require reversal.

The above grounds of error are overruled.