**Joseph Daniel FISHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–462–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 5, 1982.

Ron Hayes, Houston, for appellant.

Alvin Titus, Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MORSE, Justice.

This appeal arises out of a conviction for aggravated rape wherein the punishment was assessed at ninety-nine (99) years confinement in the Texas Department of Corrections. We affirm.

Appellant does not challenge the sufficiency of the evidence, therefore a detailed rendition of the facts is not necessary. The record reflects that on October 11, 1980, appellant entered the residence of the complainant and, at knife point, raped her and forced her to perform oral sodomy upon him.

In his first ground of error, appellant contends that the indictment was fundamentally defective because it failed to allege that appellant had compelled submission to the rape. According to Texas law then in effect, a person is guilty of aggra-

vated rape if he commits rape and "compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone." Tex.Penal Code Ann. § 21.03(a)(2) (Vernon 1974). The indictment in this case alleged that appellant had sexual intercourse with the complainant without her consent "by force and by threatening the imminent infliction of serious bodily injury and death." The contention made by appellant in this case has been addressed by the Texas Court of Criminal Appeals in two previous cases. The indictments for both of these previous cases contained the same language quoted from the indictment in this case. In both cases the Court held that the rape indictment was not fundamentally defective simply because it failed to allege that the defendant had compelled the complainant to submit to the rape. *Rubio v. State,* 607 S.W.2d 498 (Tex.Cr.App.1980); *Church v. State,* 552 S.W.2d 138 (Tex.Cr.App.1977). We would also point out the following Texas statute:

> Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words. Tex.Code Crim.Pro.Ann. art. 21.17 (Vernon 1966).

While we would recommend the practice of describing the offense in an indictment by using the words of the statute, we find that the indictment in this case sufficiently conveyed the meaning of the statute and as such, was not fundamentally defective. Appellant's first ground of error is overruled.[1]

In his second ground of error, appellant contends that the trial court erred in admitting over his timely and proper objections testimony that bolstered the complainant's identification of appellant. The record reveals that after the complainant had

testified on direct examination and made an in-court identification of appellant, the defense, in his cross-examination of complainant, made several attempts to impeach the identification. Defense counsel elicited testimony from the complainant that she had never seen appellant before the evening of the rape, and that she did not know what appellant was wearing at the time of the rape. He also asked both the complainant and the police officer if the police had indicated to her that she should expect a suspect to be in the line-up. Finally, he asked complainant whether her identification of appellant was based on seeing him the night of the rape, or on having seen him on an occasion subsequent to the rape. On rebuttal, after an alibi defense was asserted by appellant and supported by the testimony of other witnesses he called, the complainant was allowed to testify that she had positively identified appellant at a line-up and a police officer confirmed that she identified someone at such line-up.

Appellant cites *Lyons v. State,* 388 S.W.2d 950 (Tex.Cr.App.1965), for the proposition that where a witness has identified the accused at trial she may testify that she also identified the accused while in police custody, but other witnesses may not bolster her testimony, unimpeached except by alibi, by corroborating the fact that she did identify the accused. However, in subsequent cases the Court of Criminal Appeals has stated that upon impeachment or an attempt to impeach, the trial court may admit testimony corroborating the witness' identification. *Smith v. State,* 520 S.W.2d 383 (Tex.Cr.App.1975); *Turner v. State,* 486 S.W.2d 797 (Tex.Cr.App.1972); *Frison v. State,* 473 S.W.2d 479 (Tex.Cr.App.1971).

As previously stated, appellant made several attempts to impeach the complainant's identification of him. Considering these attempts to impeach, we find no error in the court's admitting the rebuttal testimony of

---

1. In further support of our opinion that the word "compel" is not a necessary part of an indictment for aggravated rape, we would refer to § 21.03, supra as it was amended in September of 1981. The statute no longer includes the word "compel". The pertinent part of the stat-

ute now says "by acts, words, or deeds places the victim in fear of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone." Tex.Penal Code Ann. § 21.03(a)(2) (Vernon Supp.1982).

the complainant and the police officer. The complainant's self bolstering was permissible under the *Lyons* case relied on by appellant, as well as under *Franklin v. State,* 606 S.W.2d 818 (Tex.Cr.App.1979), and *Weaver v. State,* 68 Tex.Cr. 214, 150 S.W. 785 (1912). The police officer's testimony was confined to exclude "hearsay bolstering" as condemned in *Williams v. State,* 531 S.W.2d 606 (Tex.Cr.App.1975). Additional distinguishing factors appeared in this case that tended to make the testimony objected to permissible: First, the testimony was given in rebuttal, after an attempted alibi defense rather than in the state's case in chief. Second, none of the testimony was inflammatory in nature as in *Reddick v. State,* 35 Tex.Cr. 463, 34 S.W. 274 (1896). Third, although the bolstering testimony did not dispense with the necessity for the complainant's testimony, as held permissible in *Lucas v. State,* 160 Tex.Cr. 443, 271 S.W.2d 821 (1954), it did not have more weight to it than the complainant's identification, since the identification (unlike in *Lyons* ) was made by a competent adult. Finally, the defense of alibi, used by appellant, amounted to at least an indirect impeachment to the identification. In any event, no harmful error was shown.

Appellant's second ground of error is overruled and the conviction is affirmed.