Charles K. LOCKWOOD, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–89–049 CR.

Court of Appeals of Texas,
Beaumont.

Aug. 29, 1990.

Rehearing Denied Oct. 4, 1990.

---

**3.** Justice Warren participated upon original submission, but not on rehearing. Justice Warren died August 13, 1990.

John F. Pettit, Conroe, for appellant.

Peter Speers, III, Dist. Atty., Conroe, for the State.

## OPINION

WALKER, Chief Justice.

This is an appeal from appellant's conviction for the felony offense of Aggravated Sexual Assault by a jury in Montgomery County, Texas. The jury also assessed punishment at thirty (30) years in the Texas Department of Corrections. Appellant raises one point of error, stated as follows, "The Trial Court erred in permitting the State, over Appellant's timely objection, to prejudicially bolster its own witness, J.L.E., with his own self serving statements and with the testimony of investigator John Stevenson." We immediately recognize the multifarious nature of this point of error, but will address its merits nonetheless.

"Bolstering" occurs when one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party. *Pless v. State*, 576 S.W.2d 83 (Tex.Crim.App.1979); *Johnson v. State*, 737 S.W.2d 901, 906 (Tex.App. —Beaumont 1987, judgment and sentence affirmed as reformed in 784 S.W.2d 47 (Tex.Crim.App.1990)). Here, appellant complains that the child-victim of the aggravated sexual assault was permitted to bolster his own testimony by describing to the jury what he remembered telling the assistant district attorney during an interview at the district attorney's office with regard to the location of the offense. The victim, during prior direct examination, testified that he and appellant had been friends, and that on the day in question, appellant drove him to a wooded area ostensibly to show the victim a place where appellant knew were the bodies of boys who had run away from home. The victim had already testified that he had run away from home on several occasions. The initial testimony of which appellant complains is as follows:

Q Okay. What were some of the things that you could remember about the location, before we ever went out there and started refreshing your memory?

A I remembered that where it had happened, there was a concrete slab around there, and there was pipes coming out of that slab that go, I guess, across the creek to the storage tanks that were on the other side of the creek. And then there was sort of like, a foot bridge but

with pipes, I guess with electricity or something in there that I had walked across. And I told you about old car parts that I had found in the creek and sand, caliche, how the road turned from pavement to caliche, then to sand and then the trash that was out there.

Q Okay, the trash that was out there. Did you tell us anything before we ever went out there, did you tell us anything about the big old bin—

Mr. Pettit: I'm going to object to leading and also this, this testimony that he's testifying to is bolstering testimony, object to the testimony of anything that he told them after the fact when he came down here as bolstering and therefore not proper.

The Court: I sustain your present objection that's before me, sustained.

*By Mr. Aylor:*

Q Eventually, once we talked about facts, did you and Detective John Stevenson with our office and I go out 105 to try to locate this location?

A Yes, sir.

Q Okay. Was it supposed to have been along some creek—

The Court: Just a moment.

Mr. Pettit: Excuse me, Your Honor. This is the sort of thing I'm objecting to as bolstering. Anything that happens after the fact that he goes into with the District Attorney's office. Serves only to bolster the statement that he's previously made. Accordingly, it's not admissible.

The Court: Objection is overruled.

While there are no cases directly on point, the concept was addressed by the Court of Criminal Appeals in *Lyons v. State*, 388 S.W.2d 950 (Tex.Crim.App.1965). *Lyons* involved a victim being permitted to testify that she identified the perpetrator prior to trial from a live police lineup and from a photo spread. This testimony was elicited from the victim during direct examination by the State *after* she had already positively identified the perpetrator in court. The Court stated that this testimony was admissible, however others may not bolster the victim's unimpeached testimony by corroborating the fact of the victim's extrajudicial identification of the perpetrator. As such, in the instant case, the testimony elicited from the child victim, though already testified to, did not constitute bolstering and was, therefore, admissible.

Appellant further complains that Investigator John Stevenson was allowed to bolster the unimpeached testimony of the victim by testifying to the trip through the Conroe Oil Field, looking for the location of the scene of the crime. Appellant's bolstering complaint also extends to the admission before the jury of a map and some photographs of all of the places Investigator Stevenson took the victim in their search for the crime scene. In examining the record, we discover that Investigator Stevenson was called to the witness stand after the victim had been cross-examined by appellant's trial attorney. Contrary to the assertions in appellant's brief, we find several instances where appellant's trial attorney impeached the victim with either prior inconsistent statements, or testimony at trial that was not included in the victim's statement to the police. This cross-examination directly called into question the victim's credibility. Once this is accomplished, the rule set out in *Lyons, supra* and it's progeny is no longer applicable. See, *Crank v. State*, 761 S.W.2d 328, 344 (Tex.Crim.App.1988); *McKay v. State*, 707 S.W.2d 23, 33 (Tex.Crim.App.1985). Investigator Stevenson's testimony as well as the map and photographs were admissible as they served to rehabilitate the victim's testimony which had been impeached during cross-examination. See, *Roney v. State*, 632 S.W.2d 598, 600–601 (Tex.Crim. App.1982); and *Davis v. State*, 709 S.W.2d 288 (Tex.App.—Corpus Christi 1986, pet. ref'd), *cert. denied*, 481 U.S. 1057, 107 S.Ct. 2198, 95 L.Ed.2d 853 (1987). Appellant's sole point of error is overruled.

Having found no error, we affirm the judgment of the trial court.

AFFIRMED.