CHARLES SCOTT v. THE STATE.

*No. 753.  Decided December 14.*

1. **Murder in the First Degree—Indictment.**—An indictment which charged that "about the 12th day of July, in the year of our Lord one thousand eight hundred and ninety-two, * * * did then and there, with his malice aforethought, kill and murder B. F. Curtis, by shooting him with a gun, against the peace and dignity of the State," is in conformity with approved forms, and has been repeatedly held amply sufficient to charge murder in the first degree.

2. **Same—Evidence.**—See evidence stated in the opinion *held* to be amply sufficient to support a judgment of conviction for murder of the first degree, with the death penalty.

APPEAL from the District Court of Smith. Tried below before Hon. FELIX J. McCORD.

Appellant, on a trial under indictment charging him with the murder of one B. F. Curtis, was found guilty of murder of the first degree, and his penalty assessed at death.

A brief, but lucid, statement of the essential facts of the case will be found in the opinion.

No brief on file for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This appeal is prosecuted from a conviction of murder in the first degree, in which the death penalty was assessed.

1. By his motion in arrest of judgment, appellant calls in question the sufficiency of the indictment. First, because " it does not charge an offense against the laws of the State, in plain and intelligible language." Second, it " does not charge the material elements of the offense of murder, as defined by the statute, and is therefore fatally defective."

Omitting prior allegations, the indictment charges that appellant, "about the 12th day of July, in the year of our Lord one thousand eight hundred and ninety-two, * * * did then and there, with his malice aforethought, kill and murder B. F. Curtis, by shooting him with a gun, against the peace and dignity of the State."

The grounds of the motion are not well taken. It is too well settled by the decisions in this State to be questioned now, that the form of indictment used in this case is sufficient to charge the offense of murder, under article 605 of the Penal Code. Caldwell v. The State, 28 Texas Ct. App., 566; Walker v. The State, 19 Texas Ct. App., 176; Strickland v. The State, 19 Texas Ct. App., 518; Banks v. The State, 24 Texas Ct. App., 559; Jackson v. The State, 25 Texas Ct. App., 314; Willson's Crim. Forms, 388, and note 1, for collated authorities.

2. The remaining question suggested by appellant for reversing the judgment, is the supposed insufficiency of the evidence to support the conviction. The undisputed facts show that defendant, as tenant or renter of deceased, had neglected the proper cultivation of a growing crop of cotton, and that on the evening preceding the homicide there was some trouble between them about this matter. On the morning of the homicide, deceased rode over to the residence of appellant, and called for him. He came out to the fence, where deceased was sitting on his horse, bringing a shot gun with him. During their conversation the quarrel with reference to the cotton was renewed. Finally deceased turned to leave, and as he was riding off appellant fired upon him twice, killing him instantly. Deceased was 72 years of age, had on no coat when he was killed, and was unarmed.

The above facts are uncontradicted, and testified to by the witnesses, as well for the defendant as the State. Speaking to the witness Foster of the homicide, the appellant said, on Tuesday morning Mr. Curtis came to his house and had a quarrel about his working the crop; that after some quarreling, Mr. Curtis started to ride off, and he shot him as he was riding off; that Mr. Curtis fell from his horse at the first shot; that he saw that Curtis was on the ground kicking, and thinking that he might not be dead, jumped over the fence and shot him again while he was lying on the ground. He also made, in effect, the same statement to the witness Fortson, and his wife and son testified substantially to the same facts. There is some contradiction as to the fact whether deceased was on his horse or on the ground when the second shot was fired. To our minds, the testimony sustains the conviction, and manifests a murder, heartless in conception, and cruel in execution. There being no error in the record, the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.