EDWARD J. YORK V. THE STATE.

No. 23436. Delivered October 30, 1946.
Rehearing Denied December 18, 1946.

*Fred Erisman,* of Longview, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin; for the State.

BEAUCHAMP, Judge.

Appellant was given ten years in the penitentiary on a charge

of murder with malice, the alleged victim being his wife, Betty York.

Only two witnesses testified in the case. Called in behalf of the prosecutor, Eula Murry said that she lived in a room in the same apartment house with appellant and his wife. The tragedy took place in a room occupied by two boys which adjoins the bedroom of the witness. Late in the afternoon of December 18th, 1945, the witness heard talking in the room, but nothing that sounded like any disagreement. She merely heard voices. She heard a noise that sounded like a slap and soon thereafter a shot, followed by a scream. She went into the room and saw appellant standing by Betty looking "like he was just stunned and didn't know hardly what to say or do, and he said 'I shot her. Call an ambulance.' Betty was on the bed." A little later a Mr. Ford came in the room, followed by Buddy Woodall. Appellant handed the latter a pistol and asked that they call for an ambulance. He was described as trying to help his wife. The witness never heard him say anything else than that herein above quoted. She went into her room and soon heard an ambulance come. On cross examination she said, "As to whether there was anything in the manner or tone of the voice of these people that indicated either was mad at the other will say no, I never heard the sound of a voice raised or anything. I just heard a slap * * *" followed by a pistol about five minutes later. She further described appellant as "trying to hold the artery or something." She did not know where the pistol came from.

There is no evidence as to when and where Betty York died, if she did, or whether or not she was taken in the ambulance to any place.

The next witness was Dr. Jones who testified that he "* * * examined a body on the 19th day of December, 1945." He did not know Betty York during her lifetime. The body he examined was at Welch's Funeral Home. Being unable to locate a bullet, he had the body transferred to the hospital for an X-ray examination and there located a bullet which had entered the upper medial part of the thigh, puncturing a vein, and lodging at the hip bone on the opposite side of the leg. It had first passed through the arm. The bullet was recovered and produced in court.

In view of another trial, no further discussion is made of the question raised on the testimony of Dr. Jones. However, the importance of proving the corpus delicti will present itself to the court.

There are twenty-eight bills of exception in the record, about

ten of which complain of arguments made by the District Attorney and his assistant. It will only be necessary to discuss Bill No. 26. Dr. Jones testified that there was an abrasion on the mouth of the deceased person whom he examined. On cross-examination he was asked if this could be caused by falling on the floor. To this he gave an affirmative answer. Referring to this state of the record the District Attorney, in his argument to the jury, said: "Gentlemen, when you prove that a man has slapped his wife within five minutes before a shot was fired; that her mouth is cut, that her chin is bruised, that no explanation is made." At this point objection was raised to the statement as being a reference to the failure of the defendant to testify. Recalling that no one else was present at the time the shot was fired, who was in position to testify, it is perfectly apparent that only the accused could have explained what happened. The argument thus made constitutes reversible error. It will not be necessary to discuss the other bills of exception, several of which present questions similar to the foregoing from Bill No. 26. In view of another trial, however, we do suggest that some very close questions are raised and the arguments complained of should not be indulged.

For the error above discussed, the judgment of the trial court is reversed and the cause is remanded.

### ON STATE'S MOTION FOR REHEARING.

GRAVES, Judge.

The State, by its able District Attorney, has filed a concise motion for a rehearing in which it is strenuously contended that we erred in the original disposition of this case because we held that the District Attorney, in his closing argument to the jury, referred to appellant's failure to testify. He contends that we did not take note of the court's qualification of the bill of exception. We have again read the bill, together with its qualification, and are impressed with the fact that the qualification does not render the error inoperative. We still are of the opinion that the complained of statement was an indirect reference to the defendant's failure to testify in violation of Article 710, C. C. P. Who but the appellant could have explained how the deceased's mouth came to be cut and her chin bruised? There is no evidence from any source except the doctor who examined some woman whom he did not know and found upon her a cut lip and a bruised chin.

From what we have said it follows that the motion for a rehearing should be overruled, and it is so ordered.