### ORIS HIGH v. STATE.

No. 25,992. November 5, 1952.
Rehearing Denied January 14, 1953.

*Mike Anglin* and *Oscar B. Jones*, Longview, for appellant.

*Morris Rolston*, District Attorney, Mt. Pleasant, and *George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The conviction is for robbery by assault, with a sentence of twenty years in the penitentiary.

The offense for which appellant was convicted was committed in the town of Jefferson, Marion County. After twice continuing the case, it met an unsuccessful attempt to secure a jury. The case was then transferred by the court, on his own motion, to Harrison County. When it was called for trial both parties announced ready.

Appellant and his brother, Orby High, were separately indicted and charged with taking a pistol from a constable who was attempting to arrest them. The evidence shows that Constable Cromer and Deputy Sheriff Freeze attempted to arrest the brothers in front of appellant's cafe. While there is conflict in the testimony as to what occurred, it is clear that the brothers resisted arrest and succeeded in taking the constable's pistol away from him, after which they made their escape. In resisting arrest and securing the pistol, the appellant pulled his own gun and while holding both of them on the officers backed off

some distance, until they could turn and run, which they did. They eluded the officers and were next heard of in Fort Worth, where, it is admitted, appellant pawned the officer's pistol.

The state waived the charge of robbery with a prohibited weapon and he was convicted under the count charging robbery by assault.

We find seven bills of exception in the record. Bills of Exception Nos. 1, 6 and 7 complain of the argument of the county attorney in opening the case. The second bill complains of the argument of the district attorney of Marion County, while making the closing argument in the case. Others complain of the court's charge.

Bills of Exception Nos. 1 and 7 are in every material aspect identical. The argument complained of reviews the history of the case and commends the officers, and our system of trial, because of the long delay accorded appellant before he was answering in court. Appellant objected to some of this argument on the ground that it was out of the record. The court sustained that and instructed the jury to "* * * not consider anything that was said with reference to what the record shows about the indictment." The bills then recite many other things which took place and were incident to the offense and the trial of the case. They set out, at great length, the contentions of appellant that this argument was inflammatory and was not in the record; that it was of such prejudicial and inflammatory nature that it could not be withdrawn from the jury; and that the court's instruction to the jury did not sufficiently cover the matter.

We see no harm in this argument. So far as the bills disclose it appeared to be a preliminary statement, for some purpose not revealed. It was perfectly apparent to the jury from the record that the case originated in Marion County and was transferred to Harrison County. The instruction of the cautious trial court to the jury gave appellant that much more than he appears to have been entitled to receive.

Further quoting from these bills, it is recited that the county attorney said, among other things: "You are bound to know with what restraint those officers on that occasion acted, and as a result of it, you have this trial here today, and nobody has been hurt. * * * This thing occurred eight months and three

days before this defendant was ever brought to final trial. * * * The record shows that the defendant has been granted bail; it shows that on two occasions this case was set for trial in the District Court of Marion County——."

The court sustained appellant's objection to this argument. The prosecutor then said: "* * * it is before this jury that for some reason that case has been transferred from Marion County and it is now here for your disposition." The objection to this was overruled and exception taken.

There is no error shown in the foregoing and if the much involved bills complain of anything else then they are multifarious and fatally defective.

Bill of Exceptions No. 6 is quite similar to Bills of Exception, One and Seven. It differs slightly in verbiage. After reciting (Tr. p. 61) "* * * that from all the testimony it appears that the difficulty was attended by much excitement and fear by all parties concerned and present," complaint is then made of the following statement by Mr. Cavin, County Attorney: "Gentlemen of the Jury, you are bound to realize that that transaction over in Jefferson on the night of the 14th of July was loaded, and the least little spark would have caused an explosion that you don't know what might have happened——."

Appellant would have us to construe this argument to relate to the reasoning behind the transfer of the case to Harrison County. We are unable to tell from the bill what the county attorney was intending to say. What he did say is perfectly logical and apparent to everyone from the situation which the bill says was fully described by all of the evidence in the case. Again, the trial judge, out of an abundance of caution, sustained the objection and instructed the jury not to consider the same. Apparently this instruction satisfied the appellant for he recorded no exception as taken to that procedure.

Bill of Exception No. 2 complains of the closing argument made by the district attorney of Marion County. He discussed the incidents of the night, the flight of appellant 213 miles from Jefferson to Fort Worth, and his purpose in doing so. He then reasoned that if fear caused him to flee he should have gone to the sheriff at Fort Worth and explained to him and delivered the gun, instead of pawning it for money. Objection was made to this argument on the ground that it was a refer-

ence to the failure of defendant to testify in the case, and the bill recites: "Be it further remembered that only the accused could have made the explanation demanded by the prosecutor and that such statement by the prosecutor was an indirect reference to the defendant's failure to testify in violation of Article 710 C.C.P."

This argument was the attorney's deduction from the evidence and not a challenge for an explanation. We are unable to see that said argument was a reference to the failure of the accused to testify. This appears to have been in answer to some argument made in appellant's behalf and the bill is defective because it fails to negative that fact. Whether it be in reply to some argument or not, it is our opinion that the argument was proper and not subject to the objection lodged against it.

The other bills of exception in the record contain objections to the court's charge. These are based chiefly on the contention that appellant was entitled to an affirmative charge that he did not intend to keep the gun, when he took it from the officers. This contention arises because appellant's wife testified in his behalf that he intended to repossess the gun, when he pawned it, and to return it to the officer from whom he had taken it.

We have carefully considered each of these bills in the light of the court's charge and find that he repeatedly charged the jury on the question of intention at the time the gun was taken. That was the proper time for it, not what his intention was when he pawned the gun in Fort Worth. The crime, if committed, was completed in Marion County and what he afterwards did could be admissible only for the consideration of the jury in fixing the penalty.

We find no reversible error and the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

We regret that in our original opinion we stated that Bill of Exception No. 2 failed to negative the fact that the argument was in answer to, or invited by, argument of appellant's counsel. A re-examination of such bill shows that it contained such requisite statement.

Appellant has asked this court to differentiate the argument in the case at bar from that we held reversible in York v. State, 149 Tex. Cr. R. 654, 198 S. W. 2d 106. In the York case, only York and the deceased, his wife, were present at the time she was killed. We held that the argument to the effect that no explanation was made referred to the failure of the accused to tell the jury why he killed his wife.

In the case at bar, the prosecutor was arguing that the defense interposed by appellant's wife was not consistent with appellant's conduct. He was discussing the defensive theory raised by her testimony to the effect that appellant's pawning of the pistol in Fort Worth did not constitute appropriation thereof, because appellant expressed the intention to later redeem the pistol and return it to the officer from whom he had taken it.

The prosecutor, in discussing such testimony, posed the question that if such were the facts as to appellant's intentions, then why hadn't the appellant notified the sheriff of the predicament in which he found himself? He said further that there was no evidence that appellant had done that which he reasoned appellant should have done if he had no intention of appropriating the pistol or depriving the owner of its value.

We do not think that such argument constituted a reference to the appellant's failure to testify.

The appeal having been properly disposed of, appellant's motion for rehearing is overruled.

#### APPELLANT'S SECOND MOTION FOR REHEARING.

MORRISON, Judge.

We remain convinced that the appeal has been properly disposed of, but we note that the statement found in the original opinion to the effect that what the appellant did after leaving Marion County would be admissible for the sole purpose of fixing the penalty is incorrect. Such testimony, of course, is admissible as tending to show the intent at the time of the commission of the offense.

Appellant's second motion for rehearing is overruled.