## FRANK GRIGGS V. STATE

No. 28,368. March 19, 1958

*Raymon Stoker,* Odessa and *Burks & Brown,* Lubbock, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

A prior appeal from this conviction was dismissed upon the theory that notice of appeal given at the term during which the conviction was had deprived the trial court of jurisdiction to enter judgment and sentence nunc pro tunc at the succeeding term. Griggs v. State, 163 Texas Cr. Rep. 378, 292 S.W. 2d 126.

After receipt of the mandate the judgment and sentence were again entered nunc pro tunc and appellant again appeals.

The indictment was in two counts, the first alleging the theft of one joint of oilfield drill pipe of the value of $50 from C. V. Fillman on or about July 15, 1953.

The second count alleged the theft of 100 joints of oilfield drill pipe of a value in excess of $50 from the same person and at the same time and place.

The case was submitted to the jury under th second count, and the jury found appellant guilty of theft of 100 joints of oilfield pipe as charged in the second count of the indictment and assessed his punishment at eight years in the penitentiary.

The state confesses reversible error in argument of the district attorney wherein he stated: "And the test is did the parties act together? All right, who were the parties? Dan Price and Frank Griggs, that testimony is uncontradicted, being accomplice witnesses. But it is uncontradicted. So it is worthy of your belief because nobody, not one single witness has denied any of it."

The bill certifiies that there was no evidence that any other person was present or heard or participated in the conversation between Price and appellant, and that appellant did not testify.

We are constrained to agree with our able state's attorney that the remark constituted a reference to appellant's failure to testify and violated the provisions of Art. 710 V.A.C.C.P.

Our state's attorney further confesses that the evidence shown in the record is insufficient to support a finding that the oilfield pipe that was taken to appellant's farm and which appellant sold to George Orenberg was the pipe stolen from C. V. Fillman.

The judgment is reversed and the cause remanded.