McCoy Watson v. State

No. 34,018. December 13, 1961

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for felony theft; the punishment, 3 years.

The disposition hereof makes a summary of the facts unnecessary.

The state confesses reversible error in the argument of the prosecuting attorney before the jury wherein he said:

> "And you know that the fact of human error is more prevalent in a live witness that it is * * from other evidence that might be admitted into a lawsuit, and from facts and circumstances that can not be refused *and have not been refuted.*
> "But facts and circumstances of this type and character leave no doubt whatsoever as to the identity.  That is not something that some one can guess about, thats something that is a matter of fact, *uncontradicted in this record, that those were the tracks of McCoy Watson.*
> "If there is any evidence at all that shows anything other than McCoy Watson's guilt, it *has not been produced in evidence on this case.*"

The bill certifies that the appellant did not testify, and that he was the only person who could have testified to the above quoted matter which was argued by the prosecuting attorney before the jury.

Timely and proper objections to such argument were overruled by the court, as was appellant's motion to declare a mistrial, and to such actions of the court appellant reserves his exceptions.

An examination of the record confirms the confession of reversible error by the able state's attorney that the argument complained of constituted a reference to appellant's failure to testify and violated the mandatory provisions of Art. 710 V.A.C. C.P.   Griggs v. State, 166 Tex. Cr. Rep. 56, 311 S.W. 2d 418.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.