Ronald Dewey BEAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 49481.

Court of Criminal Appeals of Texas.

April 2, 1975.

Robert G. Turner, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ron Woods, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This appeal is from a conviction for the offense of murder; a jury assessed punishment at imprisonment for twenty-five years.

In his seventh ground of error the appellant challenges the sufficiency of the evidence to support the conviction. Four witnesses positively identified the appellant as one of the men who robbed them on October 31, 1970. The witnesses, all teen-agers, were guests at a party at a house in Houston where everyone except one of the witnesses was engaged in smoking marihuana. The appellant and Thomas Farquhar were identified as the two who came to the house and ordered everyone into the kitchen. The appellant was carrying an automatic pistol, and Farquhar had a sawed-off shotgun. They demanded money and "grass" from everyone present and began to collect wallets. While the appellant was watching the persons in the kitchen he was called to the bedroom by Farquhar. The deceased, Michael Martelli, was in a bathroom adjoining the bedroom. Out of sight of any witnesses, two shots were fired. After the appellant and Farquhar left, the deceased was found in the bedroom. A pathologist testified that there were two bullet wounds in the body, and one of them was the cause of death.

The jury was charged on the law of circumstantial evidence and of principals. The appellant asserts that since three of the four witnesses who identified the appellant were using marihuana that night, since one of the witnesses was unable to identify the appellant until one month before trial, two years after the occurrence, and since a fifth witness stated positively that the appellant was not the gunman, the conviction cannot be sustained. However, we find that positive identification of the appellant by four witnesses is amply sufficient to support his conviction for the murder.

The first and second grounds of error read as follows:

"The trial court committed reversible error in permitting the state to improperly bolster the testimony of its witness as to the identification of a co-defendant [Thomas Farquhar].

"The trial court committed reversible error by allowing the state to inject hearsay evidence that no witness identified a suspect [Carlos Elzardo] found with the co-defendant."

Farquhar and Elzardo were arrested "shortly after the robbery and shooting" in the same area of Houston where the crime was committed and in the Buick automobile in which the murderers had come to the scene of the killing. Only two witnesses testified about the number of people in the automobile at the scene. One testified she saw from three to five persons and the other said three. Officer White testified he placed both Farquhar and Elzardo in a lineup to be viewed by witnesses. In the absence of the jury the state elicited testimony from Officer White that no witnesses at the lineup identified Elzardo and that "several" identified Farquhar. The appellant's counsel leveled the following objection to Officer White's testimony:

". . . there has never been any accusation from the defense . . . concerning the involvement of Elzardo . . . no objection raised . . . [to] the identification of Thomas Farquhar and what the witnesses did outside the presence of the defendant concerning the identification of Farquhar nor the non-identification of Elzardo is irrelevant and immaterial . . . Therefore the defendant Beal objects to any evidence being introduced involving other people in this case who were identified and who were not identified . . ."

There were ten witnesses named in the record who were at the house where Martelli was murdered; five of them testified. In the presence of the jury Officer White testified that four or five witnesses viewed the lineup that he conducted in which both Farquhar and Elzardo appeared, and "some" did and "some" did not identify Farquhar while none identified Elzardo. Some witnesses who did not testify viewed the lineup.

Although it is doubtful that the trial objections were sufficient to preserve the error claimed in the grounds presented on appeal, we will assume they are sufficient.

■ The first ground of error does not complain about bolstering the witnesses'

testimony identifying the appellant, but complains that it bolstered the witnesses' identification of the co-defendant Farquhar who was not on trial with the appellant. The appellant relies upon Lyons v. State, 388 S.W.2d 950 (Tex.Cr.App.1965); Ramos v. State, 141 Tex.Cr.R. 126, 147 S.W.2d 809 (1941), and Clark v. State, 39 Tex.Cr. R. 152, 45 S.W. 696 (1898). In each of these cases the bolstering which is held impermissible is that to the identification of the defendant not a co-defendant. We do not find that the bolstering of the identification of the co-defendant harmed the rights of the appellant in the circumstances presented by this case. We will not extend the rule stated in the cases relied upon by the appellant to cover the bolstering of the identification of a co-defendant not being jointly tried. Other limitations have been placed upon the rule. Cf. Lucas v. State, 160 Tex.Cr.R. 443, 271 S.W.2d 821 (1954); Casias v. State, 452 S.W.2d 483 (Tex.Cr. App.1970).

■ The second ground of error concerned with hearsay would not present a problem if the evidence had been properly presented. Whether Elzardo was the man in the house with Farquhar when Martelli was shot was made an issue in the trial. Relevant evidence was admissible which would tend to show that the murderer was Elzardo and not the appellant. Inferences favorable to the appellant could be drawn from the evidence that Elzardo was arrested near the scene of the murder in the automobile which had been seen at the house, where the murder was committed, with one of the identified murderers, soon after the murder was committed. The state had the right to introduce evidence to rebut the inference favorable to the accused raised by this circumstantial evidence. It was permissible for the state to show that the witnesses who had been at the scene of the crime when it was committed did not identify Elzardo in the lineup. The witnesses who viewed the lineup could have so testified. Officer White could have properly testified that Elzardo was in the lineup

which the witnesses viewed. That testimony of the witnesses and of Officer White would not have been hearsay. The witnesses to the lineup were not recalled to testify that they did not identify Elzardo. However, whether Officer White's testimony was hearsay is not clear. White testified that he had conversations with the witnesses who viewed the lineup he conducted, but he was not asked whether they discussed the witnesses' failure to identify Elzardo. White's testimony may not have been hearsay. He knew that Elzardo was in the lineup, and he knew the witnesses were there to identify the two men who had robbed them and murdered Martelli. White observed that no witness identified Elzardo. Therefore, White's testimony may have been from his own personal knowledge and may not have been from his conversation with the witnesses. The burden of showing that White's testimony was hearsay was on the appellant. See Boening v. State, 422 S.W.2d 469 (Tex.Cr.App. 1968). Since the appellant failed to show that Officer White's testimony was hearsay no error is shown.

The first and second grounds of error are overruled.

■ In his third ground of error the appellant complains that reversible error was committed at the punishment stage of the trial when a character witness for the appellant was asked whether he had heard that the appellant had "stabbed a person by the name of Willard Joe Savage?" Although the appellant's counsel objected, no ruling on the objection was secured, and he did not request that the jury be instructed to disregard the question. A mistrial was requested but only after the witness had finished testifying. Nothing is preserved for review. Rich v. State, 510 S.W.2d 596 (Tex.Cr.App.1974).

The ground of error is overruled.

■■ In his fourth ground of error the appellant complains that the indictment is

fundamentally defective. The pertinent part of the indictment reads as follows:

". . . Ronald Dewey Beal . . . did murder with malice aforethought kill Michael Martelli, by shooting him with a gun . . ."

No motion to quash the indictment was made, but the appellant claims that the inclusion of the word "murder" was a prejudicial "legal conclusion" and fundamental error. Even if the appellant had raised this ground by a motion to quash, no error is presented. The inclusion of the extra word "murder," although not recommended, is mere surplusage when "kill" is also alleged. Rocha v. State, 43 Tex.Cr.R. 169, 63 S.W. 1018 (1901); Scott v. State, 31 Tex.Cr.R. 363, 20 S.W. 755 (1892). Further, the jury was charged by the court that the indictment was not evidence and was not to be "considered as a fact or circumstance against the defendant."

The ground of error is overruled.

■ In the fifth ground of error the appellant urges that the trial court erred in overruling his pro se motion for new trial that alleged coercion by the prosecuting attorney denied him the use of Farquhar as a witness. The judgment recites that the verdict was returned on October 17, 1972. The appellant's counsel filed a motion for new trial on October 27th, and the appellant filed the pro se motion for new trial on November 28th. Hearings were held on the pro se motion on November 28th, on December 14th, and on January 11, 1973. An order was entered on January 18th overruling the pro se motion for new trial. Article 40.05, Vernon's Ann.C.C.P., provides that motions for new trial *shall* be filed within ten days after conviction, may be amended with leave of the court within twenty days of the original filings, and *shall* be determined within twenty days after the filing of the original or amended motion. Here the pro se motion was not filed within ten days after conviction, was not an amended motion

filed within twenty days after the original motion, and was not determined within twenty days of the filing of the original motion for new trial. The trial court was in error in holding a hearing on the motion and therefore did not abuse its discretion in overruling the motion. Boykin v. State, 516 S.W.2d 946 (Tex.Cr.App.1974); Roberts v. State, 493 S.W.2d 849 (Tex.Cr.App. 1973).

Even if the pro se motion had been timely filed and decided, no error was committed by overruling it. Farquhar testified at the hearing that an Assistant District Attorney threatened him with life imprisonment if he testified for the appellant and offered him immunity if he testified for the state. He also said the appellant was not present when Martelli was killed. He testified on cross-examination that the first time the Assistant District Attorney and he discussed a plea in his case was after this appellant was found guilty.

Farquhar's attorney, Charles Whitfield, testified that he had heard Farquhar say he would rather not testify against the appellant because of possible repercussions from other Department of Corrections inmates, that there was no discussion of Farquhar testifying for the defense, of possible immunity, or of life imprisonment, that he had never left the Assistant District Attorney and Farquhar alone, that he knew of no private conversation between them, and that Farquhar had said nothing to him about the Assistant District Attorney's alleged threats.

The Assistant District Attorney testified that he did not offer Farquhar immunity or threaten life imprisonment and that the question of testimony for the appellant never arose in his conversations with Farquhar and Whitfield.

■■■■ The decision on a motion for new trial rests in the discretion of the trial judge. In the absence of a showing of abuse, that discretion will not be disturbed on appeal. Hill v. State, 480 S.W.2d 670 (Tex.Cr.App.1972); Tsamouris v. State,

472 S.W.2d 141 (Tex.Cr.App.1971). There was ample evidence here to support the trial judge's overruling of the motion.

The ground of error is overruled.

■■■■ In his sixth ground of error the appellant complains of three instances of what he characterizes as comments on the appellant's failure to testify. In two of the instances no objection was made, and nothing is preserved for review.

■■■■ The third instance occurred during the state's argument to the jury at the guilt-innocence stage of the trial.

"THE STATE: You can pay people to do the job, the dirty jobs that you want done. You can pay us to bring the evidence and pay the judges to sit up here and rule on the evidence but you see that the final say-so in law enforcement comes down to twelve people like you and you can come in here and say, "Well, one out of four says it is not him. We are going to disbelieve the others, the one who was not smoking marijuana and the four who were. We will disbelieve all the others and say that Beal really wasn't there.'

"If he wasn't there, where was he? Why didn't he have witnesses to say where he was?

"MR. EPPS [DEFENSE ATTORNEY]: Your Honor—

"THE COURT: The objection will be sustained. The jury will be instructed not to consider it.

MR. EPPS: This is improper.

"THE COURT: The jury is instructed now not to consider it and your mistrial is denied."

The appellant relies on Price v. State, 362 S.W.2d 654 (Tex.Cr.App.1962), Watson v. State, 171 Tex.Cr.R. 526, 352 S.W.2d 120 (1961), Barrera v. State, 165 Tex.Cr.R. 387, 307 S.W.2d 948 (1957), and York v. State, 149 Tex.Cr.R. 654, 198 S.W.2d 106

(1946), where argument that no explanation of the circumstances had been made was held to be reversible error because it was a comment on the failure of the defendant to testify. Article 38.08, V.A.C.C. P. However, in those cases it was shown that the defendant was the only person who could possibly offer an explanation, and therefore the inference was a necessary one. See Ramos v. State, 419 S.W.2d 359 (Tex.Cr.App.1967). Here no such showing was made, and the record reflects there were other witnesses who were not called to testify. The argument refers to witnesses generally and not only to the appellant. It is acceptable jury argument for the state to comment on the appellant's failure to call competent and material witnesses. Mutscher v. State, 514 S.W.2d 905 (Tex.Cr.App.1974); Winkle v. State, 506 S.W.2d 891 (Tex.Cr.App.1974).

The ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.