**Affirmed and Memorandum Opinion filed December 12, 2023**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00732-CR

**JOSE AZAEL ZAMBRANO-PEREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1614869**

## MEMORANDUM OPINION

Appellant Jose Azael Zambrano-Perez was charged with continuous sexual abuse of a child. *See* Tex. Code Crim. Proc. Ann. art. 21.02. Appellant was accused of sexually abusing his step-daughter, the complainant, starting when she was five years old and continuing until she was ten years old. The complainant lived with the appellant and testified he penetrated her orally and anally once or twice a week.

A jury found appellant guilty and sentenced him to thirty-five years in

prison. In his only issue, appellant maintains that his trial counsel was ineffective because he failed to object to hearsay testimony in medical records, which caused prejudice. Finding no error, we overrule appellant's issue and affirm the judgment of the trial court.

## Standard of review and applicable law

To succeed on an ineffective-assistance claim, the defendant must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Garza v. State*, 213 S.W.3d 338, 347 (Tex. Crim. App. 2007) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). To show deficient performance, the defendant must prove by a preponderance of the evidence that his counsel's representation fell below the standard of professional norms. *Garza*, 213 S.W.3d at 347–48. To demonstrate prejudice, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 348. Appellant bears the burden of proving ineffectiveness by a preponderance of the evidence. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Lopez v. State,* 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

## Deficient performance

To satisfy *Strickland*'s first prong, appellant must prove that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Lopez,* 343 S.W.3d at 142. An appellate court must make a strong presumption that counsel's performance fell within the wide range of reasonably professional assistance. *Id*. In short, there is a strong presumption that trial counsel's actions and decisions were reasonably professional and were

motivated by sound trial strategy. *Dewitt v. State*, 651 S.W.3d 669, 673 (Tex. App.—Houston [14th Dist.] 2022, no pet.)

For an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation. *Lopez*, 343 S.W.3d at 142. It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. *Id.* at 142–43. If trial counsel's deficient performance is not apparent from the record, "we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Id.* Reasonably effective assistance of counsel does not mean error-free representation. *Dewitt*, 651 S.W.3d at 673.

If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been grounded in legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal. *Garza*, 213 S.W.3d at 348. Moreover, when the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Lopez v. State*, 565 S.W.3d 879, 886 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). In the majority of cases, the record on direct appeal is simply too undeveloped and insufficient to permit a reviewing court to fairly evaluate the merits of an ineffective assistance of counsel claim. *See Lopez*, 343 S.W.3d at 143.

In the case at hand, appellant alleges his counsel was ineffective because he failed to object to inadmissible hearsay. To succeed with an ineffective-assistance-of-counsel claim based on counsel's failure to object, one must show that the trial judge would have committed error in overruling such objection. *Ex parte Parra*, 420 S.W.3d 821, 824–25 (Tex. Crim. App. 2013). An isolated failure to object to

3

certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). An appellate court should be especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible explanation of the motivation behind counsel's actions—whether those actions were of strategic design or the result of negligent conduct. *Thompson v. State,* 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Here, appellant specifically argues that trial counsel was ineffective because he failed to object to inadmissible hearsay within medical records. Thus, we examine the rule against hearsay and its various exceptions. Hearsay is an out-of-court statement that is offered into evidence for the truth of the matter asserted. *Grimm v. State*, 496 S.W.3d 817, 826 (Tex. App.—Houston [14th Dist.] 2016, no pet.). It is generally inadmissible. Tex. R. Evid. 802. Hearsay within hearsay is admissible "if each part of the combined statements conforms with an exception to the hearsay rule." Tex. R. Evid. 805; *Knox v. Taylor*, 992 S.W.2d 40, 64 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Business records—such as the medical records at issue—are admissible under an exception to the rule against hearsay if four requirements are met: (1) the records were made and kept in the course of a regularly conducted business activity, (2) it was the regular practice of the business activity to make the records, (3) the records were made at or near the time of the event that they record, and (4) the records were made by a person with knowledge who was acting in the regular course of business. Tex. R. Evid. 803(6); *In re E.A.K.,* 192 S.W.3d 133, 141 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). An appellant challenging the admissibility of a statement as hearsay bears the burden of showing that the statement is, in fact, hearsay. *Beal v. State*, 520 S.W.2d 907, 911 (Tex. Crim. App. 1975).

## Analysis

Appellant argues trial counsel was deficient when he did not assert a hearsay objection to certain pages of the medical records in which the complainant reported that appellant sexually assaulted her sister. The first reference is contained in a transcribed copy of an interview between the complainant and a sexual assault nurse examiner. The nurse asked the complainant if the appellant has sexually abused anyone else, and the complainant responded, "my sister." The next reference is contained in hospital notes of an interview with the complainant. The records state the following:

> Pt reports that her step father used to sexually assault his own 10 y/o daughter in the past.

> Patient stated step-father also does bad things to her sister. . .When the nurse asked what part the step-father used, the patient pointed to the front area. Then the nurse asked patient where the step-father puts that part and patient pointed to the buttocks and vagina area. Patient stated step-father also makes her suck and touch it. Patient stated this has been happening since she was 5 years old. Patient also disclosed this happens to her sister[.]

Appellant recognizes the medical records as a whole fall within the business record exception to the rule against hearsay. *See* Tex. R. Evid. 803(6). But he argues that the three references quoted above constitute hearsay within hearsay and that each statement must independently meet a hearsay exception to be admissible. *See* Tex. R. Evid. 803(6); Tex. R. Evid. 805. Appellant contends these portions of the medical records do not fall under the medical diagnosis hearsay exception under Tex. R. Evid. 803(4). *See* Tex. R. Evid. 803(4); *Green v. State*, 191 S.W.3d 888, 895 ((Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). ("Rule 803(4) provides an exception to the hearsay rule for "[s]tatements made for the purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or

5

external source thereof insofar as reasonably pertinent to diagnosis or treatment.") Therefore, he argues they are inadmissible hearsay, and trial counsel performed deficiently when he failed to object to their admissibility at trial.

The record is silent as to why appellant's trial counsel did not object to the statements alleging appellant also abused his other daughter, the complainant's sister.[1] This court assumes the attorney's choice to not object was part of a reasonable trial strategy. *See Thompson,* 9 S.W.3d at 814 (When "the record provides no reference to explain why counsel chose not to object, or failed to object, when the prosecutor doggedly pursued the introduction of inadmissible hearsay," it is not an error sufficiently egregious to satisfy the first prong of *Strickland* as a matter of law."); *see also Walker v. State*, 676 S.W.3d 213, 226 (Tex. App.—Houston [14th Dist.] 2023, pet. filed) ("no deficient performance on a silent record as to why counsel failed to object to inadmissible hearsay."). One rational and plausible reason why counsel may have chosen not to object is to avoid emphasizing the evidence. *See Ferreira v. State*, 514 S.W.3d 297, 304 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (Holding counsel is not ineffective for wanting to avoid drawing attention to evidence that may further damage his client's case.).

Further, appellant's argument is based on the premise that the cited assertions within the medical records constitute hearsay statements. But it is not clear that they are. An appellant bears the burden of showing that a statement claimed to be hearsay is in fact hearsay. *Beal*, 520 S.W.2d at 911. Here, the record does not reveal the source of the complainant's knowledge. He does not establish how the complainant came to believe appellant also sexually abused her sister. If the complainant was told by her sister that appellant had sexually abused her, then

_____

[1] In a hearing on a motion for a new trial on an unrelated issue, the trial counsel attributed all decisions made during the trial as part of trial strategy.

the sister's statement to the complainant as reflected in the medical records would constitute a separate hearsay statement. If, on the other hand, the complainant knew that appellant sexually abused her sister because the complainant saw the abuse happen, then the challenged assertions are not hearsay but are based on the complainant's personal knowledge. *See Beal*, 520 S.W.2d at 911. Because it is not clear that the complainant's statements accusing appellant of sexually assaulting her sister are inadmissible hearsay, appellant has failed to show the trial judge would have committed error in overruling an objection to the statements.[2] *See id.*; *Rodriguez v. State*, 398 S.W.2d 124, 127 (Tex. Crim. App. 1965) ("[T]he answer of the witness does not appear to be hearsay. The source of her knowledge was not shown."). Thus, we conclude that, on this record, appellant has not demonstrated that his counsel's performance was so outrageous that no competent attorney would have engaged in it. Consequently, appellant has failed to meet his burden to prove the first prong of the ineffective assistance of counsel analysis. We need not address the second *Strickland* prong. *Strickland*, 466 U.S. at 687.

## Conclusion

Because appellant failed to satisfy the first prong of the ineffective assistance of counsel analysis, we affirm the judgment of the trial court.


/s/      Ken Wise
         Justice

---

[2] Appellant does not argue that his counsel was deficient for failing to develop the record to show the source of complainant's knowledge that appellant abused her sister in order to establish that the challenged statements were hearsay.

Panel consists of Chief Justice Christopher, and Justices Wise and Jewell.

Do Not Publish — Tex. R. App. P. 47.2(b).