**Raymond Paul JONES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–91–00538–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 18, 1992.

Juan M. Contreras, Houston, for appellant.

Julie Klibert, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

Raymond Paul Jones brings this appeal from a conviction for aggravated robbery. Appellant pled not guilty and the case was tried before a jury. Upon a finding of guilty, and true to two enhancement paragraphs, sentence was imposed at twenty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

The complainant, Fred Liccion, was about eighty years old at the time of the offense. Tonya Mitchell was renting a trailer house next door to complainant's home. Ms. Mitchell lived in the trailer with her two children, and appellant was staying with Ms. Mitchell during July of 1990. The trailer was being rented on a weekly basis and the rent had become several weeks overdue.

On July 16, 1990, the complainant told Ms. Mitchell and appellant that they would have to pay him or move out. Appellant

and Mitchell told the complainant that he would be paid the next day. That evening, Mitchell came to complainant's house to use his telephone. She had a butcher knife with her which she claimed was for her protection. While Mitchell was using the telephone, the complainant saw a truck back up in his driveway. He went to open the door and was forced back inside his home by appellant and a masked man who wrestled him to the ground. The complainant was beaten and the perpetrators stole a gun, stereo, billfold, jewelry and other items. The complainant was later shown a photospread of bearded men, one of whom was appellant, and none were identified as the robbers. He was then shown a second photospread of clean-shaven men and he immediately picked out the appellant.

Appellant's sole point of error is that the trial court erred in not granting a mistrial when the State improperly bolstered the complainant's in-court identification of appellant. The complainant took the stand and identified appellant as one of the robbers. He also testified that he had identified appellant in the prior photospread. On cross-examination, defense counsel elicited testimony that the complainant had prescription glasses but did not make a practice of wearing them because they didn't help him. Defense counsel also questioned the complainant about his cataracts and the resulting impaired vision. The complainant was questioned repeatedly about whether his night vision was worse than his day vision, which the complainant finally admitted. This line of questioning sufficiently impeached the complainant's ability to identify his assailants. Sergeant Jammar of the Houston Police Department then testified that he had shown the photospreads to the complainant. The officer explained that the complainant could not pick out any of the bearded men but when shown the second photospread, the complainant immediately picked out appellant and exclaimed, "that's him, that's him!" Defense counsel objected, received an instruction to disregard, but his motion for mistrial was denied.

It is well-settled law that bolstering occurs when evidence is used to add credence to a previously unimpeached piece of evidence. *Lyons v. State*, 388 S.W.2d 950, 951 (Tex.Crim.App.1965). There must be a relation between the bolstering testimony and the impeachment in order to be admissible. *Clarke v. State*, 785 S.W.2d 860, 870 (Tex.App.—Fort Worth 1990, no pet.). The State contends that the rule in *Lyons* has been abrogated by the subsequent adoption of the Texas Rules of Criminal Evidence. The State asserts that the rationale behind the bolstering prohibition was to avoid hearsay. *Frison v. State*, 473 S.W.2d 479, 481 (Tex.Crim.App.1971). However, TEX.R.CRIM.EVID. 801(e)(1)(C) provides that a statement is not hearsay if the declarant testifies at trial, is subject to cross-examination, and the statement is one of identification of a person made after perceiving him. Recent cases from some courts of appeals have addressed the issue of bolstering in light of Rule 801(e)(1)(C), and held that bolstering is no longer a valid objection where the testimony is not hearsay. *E.g., Henderson v. State*, 816 S.W.2d 845, 849 (Tex.App.—Fort Worth 1991, no pet.); *Thomas v. State*, 811 S.W.2d 201, 208 (Tex.App.—Houston [1st Dist.] 1991, pet.ref'd). We also hold that bolstering was not a valid objection because the officer's testimony of what the complainant said was not hearsay.

Under further cross examination by defense counsel, the complainant was not able to recall exactly how many photospreads he had seen or when he had seen them. He was also unsure if he had given the police a description of the assailants along with appellant's and Mitchell's names. Clearly the defense was impeaching complainant's identification of appellant. We find that the officer's testimony properly rehabilitated the complainant's testimony after his powers of observation were impeached by the defense. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.