**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT KNOXVILLE**
**JUNE SESSION, 1998**

FILED

August 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **FREDRICK L. BROWN,** | ) | |
| | ) | No. 03C01-9701-CR-00034 |
| **Appellant** | ) | |
| | ) | **HAMILTON COUNTY** |
| **vs.** | ) | |
| | ) | **Hon. Stephen M. Bevil, Judge** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | **(Post-Conviction)** |
| **Appellee** | ) | |

For the Appellant:                    For the Appellee:

**Ardena J. Garth**                    **John Knox Walkup**
District Public Defender               Attorney General and Reporter

**Donna Robinson Miller**              **Todd R. Kelley**
Asst. District Public Defender         Assistant Attorney General
Suite 300 - 701 Cherry Street          Criminal Justice Division
Chattanooga, TN 37402                  450 James Robertson Parkway
                                       Nashville, TN 37243-0493

                                       **William H. Cox III**
                                       District Attorney General

                                       **Bates Bryan**
                                       Asst. District Attorney General
                                       600 Market Street, Suite 300
                                       Courts Building
                                       Chattanooga, TN 37402

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Fredrick L. Brown, Jr., appeals the post-conviction court's denial of his petition for post-conviction relief. On April 23, 1993, pursuant to a plea agreement, the appellant pled guilty to two counts of first degree murder and, in accordance with the State's recommendation, received two concurrent sentences of life imprisonment. A charge of aggravated robbery was dismissed.[1] On appeal, the appellant argues that ineffective assistance of counsel caused him to enter uninformed and involuntary guilty pleas.

After review, we affirm.

## BACKGROUND

The record before us establishes that, on April 27, 1993, the appellant entered guilty pleas to the September 5, 1991, murder of Samuel R. Scott and the March 24, 1992, murder of Corey C. Strickland. The victim, Scott, was shot seven times while attempting to flee from the appellant. Three witnesses observed the shooting. The second victim, Strickland, was murdered by the appellant during the course of a robbery. Again, eyewitnesses were present at the murder scene.

The appellant's petition for post-conviction relief was filed on February 8, 1994.

---

[1]Additionally, the State agreed not to pursue aggravated assault charges against the eighteen year old appellant which he allegedly committed while a juvenile.

**ANALYSIS**

When a claim of ineffective assistance of counsel is raised, the appellant bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993). With respect to deficient performance, the court must decide whether or not counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). When a defendant makes a claim of ineffective counsel within the context of a guilty plea, the defendant must demonstrate a reasonable probability that, but for counsel's deficiency, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985); Manning v. State, 833 S.W.2d 635, 637 (Tenn.Crim.App. 1994).

In his petition, the appellant claims that his two pleas to first degree murder were involuntary because his trial counsel misled him as to the length of sentences that would be imposed. Specifically, in his petition he alleges:

> During the plea negotiations on the two murder counts, the petitioner was advised by his attorney that the prosecution was willing to settle the case(s) for a thirty-six (36) year sentence in exchange for the petitioner's guilty plea. Unknown to the petitioner, this 36 year sentence was in fact a life term that offered the petitioner no opportunities for a release consideration until he had served at least thirty-six years in the Tennessee Department of corrections. (sic)

The appellant did not testify at the post-conviction hearing. The appellant's father, Fredrick Brown, Sr., and his grandmother, Louise Minafee, testified on behalf of the appellant. Also testifying was appellant's trial counsel, Jerry Summers. The post-conviction court's summarization of the respective witnesses' testimony is as follows:

3

Mr. Brown, Sr. testified that he was under the impression that petitioner was getting thirty-six years at thirty percent (30%). He also testified that the petitioner told him he was getting two (2) life sentences. He also testified that there was conversation with the petitioner about thirty-six (36) and sixty (60) years. Ms. Minafee testified that she talked to petitioner about pleading guilty to thirty-six years. Neither Mr. Brown, Sr. nor Ms. Minafee was present in court when the petitioner entered his plea of guilty.

Attorney, Jerry Summers, testified that he had met with the petitioner and the petitioner's father. He never specifically represented to the petitioner exactly how much time he would serve because of the changes in the law, the overcrowding of the penitentiary, and other factors. He did testify that he thought the petitioner would "flatten out" the sentence in thirty-six (36) years, and it might be less than that. It was Mr. Summers' understanding that a life sentence meant thirty-six (36) years. He further testified that in his years as an attorney, he had never plead anyone to first degree murder before, but the fact that there were two (2) murder cases against the petitioner was a strong incentive for the petitioner to plead.

The transcript of the guilty plea hearing clearly reflects that, at least on four specific occasions, appellant was informed that he would be pleading to two concurrent life sentences. Those instances occurred during (1) the district attorney general's recommendation of punishment, (2) the trial court's advisement of the penalties provided by law, (3) the statement by trial counsel before sentencing, and (4) the imposition of sentences by the trial judge.

We do not view the appellant's responses, which were entered under oath at the plea hearing, as hollow expressions which may later be casually disregarded and held for naught. Indeed, we conclude, as observed by the post-conviction court, that "the transcript of the original plea removes any ambiguity as to the petitioner's plea of guilty."

The trial court, at the guilty plea hearing, and the post-conviction court found that the appellant's guilty pleas were knowingly and voluntarily entered. On appeal, this court is bound by the post-conviction court's findings of fact unless the evidence in the record preponderates against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn.Crim.App. 1978). The record is clear that the appellant was repeatedly

4

advised that he would be receiving sentences of life imprisonment for each of the murders to which he pled guilty.

After review of the record, we conclude that the evidence does not preponderate against the post-conviction court's findings.

Accordingly, the judgment of the post-conviction court dismissing the appellant's petition is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
JOHN H. PEAY, Judge


_____
JOSEPH M. TIPTON, Judge