

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00111-CR

———————————————

CARLOS FRANCO HERNANDEZ A/K/A CARLOS ALBERTO HERNANDEZ
ORTA, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1712534

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant Carlos Franco Hernandez a/k/a Carlos Alberto Hernandez Orta appeals the trial court's judgments convicting him on two counts of aggravated sexual assault of a child and one count of indecency with a child. *See* Tex. Penal Code Ann. §§ 21.11(a)(1), 22.021(a)(1)(B), (2)(B). On appeal, Hernandez argues in two points that the trial court erred by (1) including a Penal Code Section 8.04(a) voluntary-intoxication instruction in the jury charge and (2) improperly admitting the sexual assault nurse examiner's (SANE) written report over his "bolstering" objection. We affirm.

### II. BACKGROUND

In December 2021, Hernandez committed a number of sex offenses against his then-thirteen-year-old niece, A.H.,[1] after taking her to a Fort Worth motel while the rest of her family drove her grandmother to a bus terminal in Dallas for a planned trip to Mexico. A.H. testified that she was originally supposed to accompany her other family members to Dallas but that, at the last minute, Hernandez had refused to let her go and had told her that she needed to stay with him in Fort Worth.

---

[1]We use initials to protect the victim's anonymity. *See* Tex. R. App. P. 9.10(a)(3); *see also McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

While the rest of the family was gone, Hernandez drove with A.H. to a convenience store to purchase cigarettes and beer and then took her to a motel room. A.H. testified that once inside the motel room, Hernandez took a shower before proceeding to grab her and sexually assault her on the motel bed. According to A.H., Hernandez fondled her breasts and penetrated—or attempted to penetrate—both her vagina and her anus with his penis. When A.H. told Hernandez that she was afraid that he had impregnated her, he gave her twenty dollars to purchase the morning-after pill.

After the assaults, Hernandez drove A.H. to his home, where she locked herself in a bathroom before escaping the house through an open door. A passing motorist stopped to help A.H. after observing that she was scared, crying, and wearing only a thin dress in the cold weather. The motorist called 911, and A.H. was taken to Cook Children's Medical Center where she underwent a SANE exam.

When interviewed by the police, Hernandez initially did not tell them that he had left his home on the morning of the assaults. After further questioning, he acknowledged that he had gone to the convenience store to purchase cigarettes and beer, but he did not mention going to the motel. Once officers confronted Hernandez with surveillance footage of his entering the motel, he admitted that he had taken A.H. to the motel, but he denied that he had sexually assaulted her. He claimed that he had taken A.H. to the motel so that she could take a shower because

3

their hot water heater did not work and denied that he had touched her inappropriately.

Ultimately, Hernandez was indicted on three counts of aggravated sexual assault of a child (Counts One, Two, and Three) and one count of indecency with a child by contact (Count Four).[2] He pleaded not guilty, and a jury trial was held. After hearing all the evidence, the jury found Hernandez guilty on Counts One, Two, and Four and not guilty on Count Three. Following the trial's punishment phase, the jury assessed Hernandez's punishment at sixty years' incarceration on Count One, fifty years' incarceration on Count Two, and twenty years' incarceration on Count Four. The trial court sentenced him accordingly and ordered the sentences to run concurrently. This appeal followed.

### III. DISCUSSION

As noted, Hernandez raises two points on appeal. We address each of these points in turn below.

**A. Jury Charge Error**

In his first point, Hernandez contends that the trial court erred by including a Penal Code Section 8.04(a) voluntary-intoxication instruction in the jury charge. We disagree.

---

[2]The indictment lists five counts, but the fifth count—which appears to be identical to the fourth—was waived.

4

### 1. Standard of Review

We must review "all alleged jury-charge error . . . regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). "Preservation of charge error does not become an issue until we assess harm." *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). "The degree of harm necessary for reversal depends on whether the appellant preserved the error by objection." *Id.* "[J]ury[-]charge error requires reversal when the defendant has properly objected to the charge and we find 'some harm' to his rights." *Id.* (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). "When the defendant fails to object or states that he has no objection to the charge, we will not reverse for jury-charge error unless the record shows 'egregious harm' to the defendant." *Id.* at 743–44 (quoting *Almanza*, 686 S.W.2d at 171). "Thus, we review alleged charge error by considering two questions: (1) whether error existed in the charge; and (2) whether sufficient harm resulted from the error to compel reversal." *Id.* at 744.

### 2. Analysis

Section 8.04 of the Texas Penal Code provides that "[v]oluntary intoxication does not constitute a defense to the commission of a crime." Tex. Penal Code Ann. § 8.04(a). It is appropriate for the trial court to include a Section 8.04(a) instruction in the jury charge "if there is evidence from any source that might lead a jury to conclude that the defendant's intoxication somehow excused his actions." *Sakil v. State*,

287 S.W.3d 23, 26 (Tex. Crim. App. 2009) (citing *Taylor v. State*, 885 S.W.2d 154, 158 (Tex. Crim. App. 1994)).

Given the evidence presented at trial, the trial court elected to include a Section 8.04(a) instruction in the jury charge. This instruction, which tracked the language of the statute, explained to the jurors that "[v]oluntary intoxication does not constitute a defense to the commission of a crime" and defined "intoxication" as the "disturbance of mental or physical capacity resulting from the introduction of any substance into the body." *See* Tex. Penal Code Ann. § 8.04(a), (d).

Hernandez objected to the instruction because (1) he had neither asserted an intoxication defense nor claimed that he had been intoxicated at the time of the alleged offenses and (2) he believed that it constituted a comment on the weight of the evidence. But the assertion of an intoxication defense is not a prerequisite for a Section 8.04(a) instruction. Rather, as noted, such an instruction is appropriate if the record contains evidence from any source that *might* lead a jury to conclude that a defendant's intoxication excused his actions. *See Sakil*, 287 S.W.3d at 27–28. Here, Hernandez admitted that he had consumed multiple beers on the morning that the alleged offenses occurred. In addition, the SANE's report reflected that A.H. had told her, "[Hernandez] started drinking. Then he abused me." Because the jury had heard evidence that Hernandez had been drinking shortly before the alleged offenses took place, the trial court did not err by including a Section 8.04(a) instruction in the charge to prevent the jury from being confused about how—if at all—his alcohol

6

consumption might have affected his culpability. *See id.*; *see also Reeves v. State*, 420 S.W.3d 812, 818 (Tex. Crim. App. 2013) ("It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to lead and to prevent confusion." (quoting *Williams v. State*, 547 S.W.2d 18, 20 (Tex. Crim. App. 1977))). Further, because the Section 8.04(a) instruction tracked the language of the statute and did not refer to any specific evidentiary item, it did not constitute a comment on the weight of the evidence. *See Woodman v. State*, 491 S.W.3d 424, 429–30 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); *see also Casey v. State*, 215 S.W.3d 870, 886–87 (Tex. Crim. App. 2007) (noting that the trial court did not err by including the word "victim" in the jury charge because the charge "set forth the law applicable to the case by tracking the language of the statute"); *Martinez v. State*, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996) (holding that an instruction that tracks statutory language "as it is set out by the Texas Legislature will not be deemed error on the part of a trial judge").

Because we conclude that the trial court did not err by including the complained-of Section 8.04(a) instruction in the jury charge,[3] we overrule Hernandez's first point.

---

[3]Because we conclude that the jury charge was not erroneous, we do not reach the question of harm. *See* Tex. R. App. P. 47.1; *Ngo*, 175 S.W.3d at 744; *Brown v. State*, No. 10-17-00343-CR, 2018 WL 4926209, at *3 (Tex. App.—Waco Oct. 10, 2018, pet. ref'd) (mem. op., not designated for publication).

**B. Bolstering**

In his second point, Hernandez contends that the trial court abused its discretion by admitting the SANE's written report into evidence over his bolstering objection. We disagree.

We review a trial court's decision to admit evidence under an abuse-of-discretion standard. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). Thus, as long as "the trial court's decision was within the bounds of reasonable disagreement," we will not disturb its ruling. *Id.*

When the State offered the SANE's written report into evidence, Hernandez objected on bolstering grounds because A.H. had already "expressed all [of the] issues" reflected in the report.[4] On appeal, he argues that the trial court erred by overruling his bolstering objection and admitting the SANE's report because its "topics of discussion" were "virtually identical to the statements and questions made from the witness stand by numerous witnesses[,] including A.H. herself." But we cannot conclude that the trial court abused its discretion by admitting the report.

---

[4]Hernandez also objected on hearsay-within-hearsay and confrontation-clause grounds, but his second appellate point is limited solely to his bolstering objection. Accordingly, we will not address these other objections to the report's admission. *See* Tex. R. App. P. 47.1.

Insofar as it survived the codification of the rules of evidence,[5] "bolstering" is

> any evidence the *sole* purpose of which is to convince the factfinder that a particular witness or source of evidence is worthy of credit, without substantively contributing to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.

*Cohn v. State*, 849 S.W.2d 817, 819–20 (Tex. Crim. App. 1993) (citation modified). A bolstering objection, as employed by Hernandez at trial, finds its roots in evidentiary Rule 613(c), which governs the admissibility of a witness's prior consistent statement. Tex. R. Evid. 613(c). But as we have previously explained, "a bolstering objection is 'merely redundant of the hearsay rule.'" *White v. State*, No. 02-16-00207-CR, 2017 WL 2289096, at *5 (Tex. App.—Fort Worth May 25, 2017, pet. ref'd) (mem. op., not designated for publication) (quoting *Cohn*, 849 S.W.2d at 820 n.8). Thus, "'bolstering' is no longer a valid objection where [the offered evidence] is not deemed to be hearsay." *Valencia v. State*, No. 13-10-00201-CR, 2011 WL 1900180, at *6 (Tex. App.—Corpus Christi–Edinburg May 19, 2011, no pet.) (mem. op., not designated for publication) (first citing *Jones v. State*, 833 S.W.2d 634, 635 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd); and then citing *White v. State*, No. 01-98-00148-CR,

---

[5]*See Cohn*, 849 S.W.2d at 821–22 (Campbell, J., concurring) (discussing the history of the "bolstering" objection and expressing the view "that a 'bolstering' objection is no longer adequate to preserve error for review concerning the admission of evidence because no such ground survived the Texas Rules of Criminal Evidence"); *Prestiano v. State*, 581 S.W.3d 935, 945 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd) (op. on reh'g) ("Whether 'bolstering' remains a valid objection is in doubt.").

1999 WL 460058, at *2 (Tex. App.—Houston [1st Dist.] July 8, 1999, no pet.) (not designated for publication)).

In this case, the SANE's written report fell squarely within an exception to the hearsay rule: a statement made for medical diagnosis or treatment. *See* Tex. R. Evid. 803(4); *Moore v. State*, No. 02-23-00152-CR, 2025 WL 353068, at *7 (Tex. App.—Fort Worth Jan. 30, 2025, no pet.) (mem. op., not designated for publication); *see also Lumsden v. State*, 564 S.W.3d 858, 888 (Tex. App.—Fort Worth 2018, pet. ref'd) ("[W]e held that [the SANE's] testimony was admissible under the medical-diagnosis-or-treatment exception to the hearsay rule. Her handwritten report is similarly admissible under the medical-diagnosis-or-treatment exception to the hearsay rule."). Accordingly, the SANE's report was admissible, and the trial court did not abuse its discretion by so ruling. *See White*, 2017 WL 2289096, at *5; *see also Trevino v. State*, No. 13-11-00709-CR, 2013 WL 3518200, at *4 (Tex. App.—Corpus Christi–Edinburg July 11, 2013, pet. ref'd) (mem. op., not designated for publication) (holding that bolstering was not a "cognizable objection" to SANE nurses' testimony because it fell within the Rule 803(4) exception to the hearsay rule).

We overrule Hernandez's second point.

## IV. CONCLUSION

Having overruled both of Hernandez's points, we affirm the trial court's judgments.

10

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 26, 2026

11